■ JASON DITTERT et al., Respondents, v OAK TREE FARM DAIRY, INC., Appellant, et al., Defendants. [671 NYS2d 492] —In an action to recover damages for personal injuries, the defendant Oak Tree Farm Dairy, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 9, 1997, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

On April 21, 1994, the plaintiffs, Jason Dittert, Anthony Lombardo, and the decedent Walter J. Finn, were the victims of armed robberies perpetrated at two convenience stores, one located in Deer Park and one located in Babylon. It is undisputed that each of these individuals was an employee of Dairy Barn Stores, Inc. (hereinafter Dairy Barn), injured in the course of their employment for Dairy Barn. Dairy Barn was initially a defendant in the instant action, but the action against it was dismissed on the ground that Workers' Compensation was the plaintiffs' exclusive remedy.

In the complaint, the plaintiffs alleged that the stores in question were owned and managed by both Dairy Barn and the appellant Oak Tree Farm Dairy, Inc. (hereinafter Oak Tree). The plaintiffs' primary argument in the Supreme Court was that Oak Tree was the "alter ego" of Dairy Barn, and therefore responsible for security precautions at Dairy Barn stores. In support of that claim, the plaintiffs submitted the sworn affidavit of an expert, analyzing the corporate structure of Oak Tree and Dairy Barn. However, if Oak Tree acted as the alter ego of Dairy Barn or was a joint venturer with Dairy Barn, the action against Oak Tree is likewise barred by the Workers' Compensation Law (*see, Srigley v Universal Bldrs. Supply*, 217 AD2d 694; *Kudelski v 450 Lexington Venture*, 198 AD2d 157).

On appeal, the plaintiffs abandon this argument, and claim that their arguments "are *not* based solely or in part on piercing a corporate veil" (emphasis in original). Their primary argument is that the District Supervisor for Dairy Barn assumed a duty to the plaintiffs when he telephoned the Babylon store, warning its employees that an armed robbery had occurred at the Deer Park store, but breached that duty when he failed to direct the employees to close the Babylon store. The plaintiffs further contend that Dairy Barn's District Supervisor was an employee of Oak Tree, which is vicariously liable for his conduct.

However, on this record, it is clear, as a matter of law, that the District Supervisor for Dairy Barn was a coemployee of the plaintiffs. Therefore, an action by the plaintiffs based upon acts performed by him in the scope of his employment is barred by the Workers' Compensation Law (*see, Lewis v Summit Off. Supply,* 231 AD2d 688; *Seudath v Mott,* 202 AD2d 658; *see also, Stephan v Stein,* 226 AD2d 364). Further, there is no basis for concluding that his conduct constituted a proximate cause of any of the plaintiffs' injuries. Nor have the plaintiffs submitted evidentiary proof of any other basis for imposing liability upon Oak Tree.

The plaintiffs' remaining contentions are without merit.

Accordingly, Oak Tree's cross motion is granted, and the action is dismissed insofar as it is asserted against it. Ritter, J. P., Thompson, Goldstein and McGinity, JJ., concur.