■ ROBERT J. WARD et al., Respondents-Appellants, v GURINDER MEHAR, Appellant-Respondent, et al., Defendants. [694 NYS2d 726] —In an action to recover damages for personal injuries, etc., the defendant Gurinder Mehar appeals from a judgment of the Supreme Court, Orange County (Owen, J.), entered July 9, 1998, which, upon a jury verdict, is in favor of the plaintiffs and against him in the principal sum of $573,400, and the plaintiffs cross-appeal, on the ground of inadequacy,

from so much of the same judgment as is in favor of the plaintiff Robert James Ward in the sum of only $115,000 for future pain and suffering.

Ordered that the judgment is reversed, on the law, with costs to abide the event, the claim for lost wages is dismissed, and a new trial is granted on the remaining claims.

The trial court erred in allowing into evidence the log book maintained by the injured plaintiff's employer because it was not timely exchanged (see, CPLR 3101 [h]). The log book, in the words of the plaintiffs' attorney, constituted a "critical piece of evidence" and it went to a central issue in the case. The admission and use of the log book during trial constituted an unfair surprise to the defendant Gurinder Mehar (see, e.g., Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371). Therefore, a new trial is warranted.

The award for lost wages was not supported by any rational basis in the evidence and this claim must therefore be dismissed (see, Bunge v New York City Tr. Auth., 216 AD2d 264; Papa v City of New York, 194 AD2d 527).

Mehar's contention that the award for future medical expenses is without a rational basis in the evidence is unpreserved for appellate review (see, Barrowman v Niagara Mohawk Power Corp., 252 AD2d 946). However, we agree with Mehar's further contention that this award was not based on a fair interpretation of the evidence. Since the first contention was not preserved, the plaintiffs may present this claim at the new trial.

The parties' remaining contentions are unpreserved for appellate review, without merit, or need not be reached in light of our determination. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.