■ JOHN SMITH et al., Respondents, v STATEN THEATRE GROUP et al., Defendants, and PEPCO CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant. PRECISION GUARANTEED ERECTORS, INC., Third-Party Defendant-Respondent. (And Other Third-Party Actions.) [717 NYS2d 888] —In an action to recover damages for personal injuries, the defendant Pepco Construction Corp. appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated July 9, 1999, which denied its motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the plaintiffs and against it on the issue of liability, and in favor of the third-party defendant Precision Guaranteed Erectors, Inc., and against it on the issue of indemnification or, in the alternative, to set aside so much of

the jury verdict as awarded the plaintiff John Smith damages for future medical expenses in the sum of $7,000, past lost earnings in the sum of $54,000, and future lost earnings in the sum of $99,000, and as awarded the plaintiff William Smith damages for future lost earnings in the sum of $308,000, and for a new trial.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to set aside so much of the jury verdict as awarded the plaintiff John Smith damages in the sum of $7,000 for future medical expenses, and substituting therefor a provision granting that branch of the motion and striking the claim for future medical expenses asserted on behalf of the plaintiff John Smith; as so modified, the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

A jury verdict should not be set aside unless it could not have been reached upon any fair interpretation of the evidence (*see, Galimberti v Carrier Indus.,* 222 AD2d 649). In the case at bar, the jury verdict finding the appellant to be solely liable for the plaintiffs' injuries was based on a fair interpretation of the evidence presented and should not be disturbed.

The award to the plaintiff John Smith for future medical expenses "was not supported by any rational basis in the evidence and this claim must therefore be dismissed" (*Ward v Mehar,* 264 AD2d 515, 516).

The remainder of the damages awards did not "deviate * * * materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Coaxum v City of New York,* 168 AD2d 312; *Maldonado v WABC Towing Corp.,* 121 AD2d 517). Sullivan, J. P., S. Miller, H. Miller and Smith, JJ., concur.