■ JOHN ROMANO et al., Appellants, v CURRY AUTO GROUP, INC., et al., Respondents. [753 NYS2d 124] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 18, 2002, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the instant case, the plaintiff John Romano's injury was covered by workers' compensation, and he received workers' compensation benefits from the insurance carrier for his employer, Mohansic Corp. (hereinafter Mohansic). The plaintiffs brought the instant action to recover damages for personal injuries against Mohansic's landlord, Curry Realty, LLC (hereinafter Curry Realty), and Curry Auto Group, Inc. (hereinafter Curry Auto). The plaintiffs claim that these two corporations are alter egos of his employer.

The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint on the grounds that Curry Realty was an "out-of-possession" landlord which did not agree to maintain and repair the premises where the injury al-

legedly occured, and Curry Auto "provided dealer management services to plaintiff's employer but had no duty to maintain the premises." We affirm, but for reasons other than those cited by the Supreme Court.

In the Supreme Court, the plaintiffs asserted that Curry Realty "was involved in the day to day operations" of John Romano's employer and Curry Auto "controlled Mohansic's premises, made decisions on repairs to the subject premises, [and] managed and operated the business." On appeal, the plaintiffs claim that "Curry Auto is the larger entity which actually carries on the business of both Curry Realty and Mohansic," exercises "day to day control of the subject premises," and "in association with Curry Realty, completely dominated the conduct of Mohansic's business and the maintenance of the subject premises to warrant the piercing of the corporate veils of both Curry Realty and Curry Auto."

The defendants asserted in their 10th affirmative defense that the instant action is barred by the Workers' Compensation Law. If a corporation is the alter ego of or the joint venturer with the injured plaintiff's employer, and/or the corporate veil between the employer and the defendant should be pierced, then workers' compensation is the plaintiffs' exclusive remedy against the corporation (*see Dittert v Oak Tree Farm Dairy,* 249 AD2d 355; *Srigley v Universal Bldrs. Supply,* 217 AD2d 694; *Kudelski v 450 Lexington Venture,* 198 AD2d 157).

The plaintiffs' position in this case mandates the conclusion that workers' compensation is their exclusive remedy and the instant action is thus barred by the exclusivity provision of the Workers' Compensation Law (*see* Workers' Compensation Law § 11; *Dittert v Oak Tree Farm Dairy, supra*). Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.