■ Helios C. De Souza, Respondent, v Jocar Realty Co., Inc., et al., Appellants. [756 NYS2d 173] —Judgment, Supreme Court, New York County (Paula Omansky, J., and a jury), entered November 14, 2001, in an action for property damage to plaintiff's second floor apartment caused by a fire that broke out in ground floor premises operated by defendant lessee as a restaurant and owned by defendant lessor, in favor of plaintiff and against defendants in the amount of $178,000, plus interest, costs and disbursements, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered November 13, 2001, which denied defendant lessor's motion to set aside the verdict and dismiss the complaint as against it, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The record strongly supports a finding that the fire was caused by overheated electrical wiring, and, viewed in the light most favorable to plaintiff, fairly supports an inference that the wiring overheated due to negligent installation or maintenance (*see Bernstein v City of New York*, 69 NY2d 1020, 1022 [1987]). Particularly persuasive in the latter regard was defendants' failure to adduce any evidence concerning the renovations that converted the ground floor into a restaurant less than a year before the fire broke out, including the identity of the electrical contractors and whether they were licensed and had procured the permits required by the New York City Electrical Code (*see e.g.* Administrative Code of City of NY § 27-3020 [a]; *see generally Elliott v City of New York*, 95 NY2d 730 [2001]). This same lack of evidence warranted the finding that the faulty wiring constituted a significant structural defect for which the out-of-possession lessor could be held liable (*see Nameny v East N.Y. Sav. Bank*, 267 AD2d 108, 109 [1999]). The lessor's liability was also properly grounded in evidence

that its failure to undertake repairs after the lessee abandoned the premises exacerbated plaintiff's damages. Plaintiff demonstrated, by competent evidence, the value of his property and the extent of the injury thereto. We have considered defendants' other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Marlow, JJ.