■ DAISY CURBEAN et al., Respondents, v H. KIBEL et al., Appellants. [784 NYS2d 518]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J., and a jury), entered July 31, 2003, awarding plaintiff tenants damages against defendant landlords for emotional injuries and loss of property and income, unanimously reversed, on the law and the facts, without costs, the damage awards vacated and the matter remanded for a new trial on the issue of damages only.

The finding of liability is adequately supported by evidence that the fire in plaintiffs' apartment was started by a short circuit caused by an improperly installed electrical system of which defendants had constructive notice (*see De Souza v Jocar Realty Co.*, 302 AD2d 336 [2003]). However, various errors require a new trial on the issue of damages. Plaintiffs' list of property damage containing previously unclaimed items, first produced on the eve of trial without a reasonable excuse, should have been precluded (*see Ward v Mehar*, 264 AD2d 515 [1999]), or, at the least, if feasible and otherwise warranted by the circumstances, defendants given an opportunity to conduct disclosure with respect thereto (*see* CPLR 3101 [h]). In addition, while the infant plaintiffs are entitled to recover for emotional distress directly caused by the fire (*see Kennedy v McKesson Co.*, 58 NY2d 500, 504-505 [1983]; *Wallace v Parks Corp.*, 212 AD2d 132, 142 [1995]), or, as the trial court put it in its curative instruction to the jury, "attendant to their experience in the fire," the testimony concerning such emotional distress was extensively and prejudicially intermingled with other testimony concerning the emotional distress caused plaintiffs by the loss of their home, personal property and financial position, which is not compensable (*see Magro v Morgan Holding Corp.*, 292 AD2d 154 [2002]). Given the amount of testimony concerning plaintiffs' living and financial situation after the fire, it cannot be said that the trial court's curative instruction at the end of the trial eliminated the prejudice. In addition, plaintiffs' claims of emotional distress were improperly bolstered by a nontreating psychologist's hearsay testimony concerning their complaints and the history of the occurrence and its aftermath (*see Easley v City of New York*, 189 AD2d 599, 600 [1993]), and by a former fiancée's testimony of plaintiff's good character and her children's character and personality traits and intelligence (*see Kravitz v Long Is. Jewish-Hillside Med. Ctr.*, 113 AD2d 577, 583-584 [1985]). Concur—Nardelli, J.P., Mazzarelli, Lerner, Friedman and Marlow, JJ.