■ NICHOLAS D. RAPTIS, JR., Respondent-Appellant, v JUDA CONSTRUCTION, LTD., Appellant-Respondent. [810 NYS2d 22]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 14, 2004, which, after a jury trial, awarded plaintiff damages in the principal amount of $1,034,192, upon plaintiff's stipulation consenting to a reduction in lieu of a new trial on damages, unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, an employee of Morgan Excel Trucking, Inc., was injured on April 9, 1997 when the dump trailer he was operating rolled over, causing him to be thrown across the cab. A dump trailer is connected to a tractor, and has a flat bed capable of being raised to dump its contents. The dump trailer and cab were owned by defendant, which had leased them to Morgan Excel. On the date of the accident, plaintiff picked up a load of dirt and debris for delivery and deposit at a landfill at Mt. Calvary Cemetery. After ensuring that the area where he was going to dump was level, he began to back up the vehicle. He put the parking brake on and then exited the cab to pull down the lever to release the pins in the back of the dump trailer that held the tailgate. After doing so, he walked to the rear of the truck to make sure that it was clear and that the "sickles," which held the bottom of the tailgate, had released. Plaintiff then reentered the cab and released the power take off (PTO) mechanism, which feeds hydraulic oil to the piston, causing it to push up and raise the body of the trailer. As the body of the trailer was raised to stage 1½ (of a total of four), it began to "tweak" or lean toward the passenger side. When plaintiff disengaged the PTO, the truck began to vibrate violently. Eventually, the truck rolled over onto its side, causing plaintiff to be tossed across the cab to the passenger side, landing on his upper back and suffering injury.

As the testimony of plaintiff's superior, Nicholas Paniccia, disclosed, Morgan Excel leased its trucks from defendant, whose three principals were the spouses of Paniccia and his business associates at Morgan Excel. Defendant's offices were located at Paniccia's residence. Some of defendant's books and records were kept there and others at a commercial building in Yonkers, where Morgan Excel also had an office. Defendant did not oversee the operation or maintenance of the leased trucks. Morgan Excel was solely responsible for such maintenance, which was performed on a daily basis. Its trucks were serviced once a month by four full-time mechanics on staff. Morgan Excel's maintenance records for 1997 were no longer in existence. Although a written lease between defendant and Morgan Excel reflecting the latter's agreement to maintain the leased vehicles and to indemnify defendant and hold it harmless had been executed, Paniccia did not know the whereabouts of the original lease. Paniccia's testimony as to the leasing arrangements with respect to Morgan Excel's maintenance responsibilities was confirmed by the testimony of defendant's treasurer. As a result of the failure to produce the original lease, the trial court gave plaintiff the benefit of an adverse inference charge.

Plaintiff called an expert, a mechanical engineer in practice for over 40 years, who testified that the cause of the accident was the seizing of the two pins in the rear of the dump truck connected to the trailer's frame, which can only happen if the pins are not lubricated. Frequent lubrication of the pins, according to the expert, was required because of the dirt, gravel and rubble environment in which they operate. Here, the expert stated, the pins seized in the open position with the hydraulic system still working, which caused tremendous pressure to be exerted upward, causing the trailer to vibrate and eventually tip over.

The jury found that defendant was negligent in maintaining the truck and that such negligence was a substantial factor in causing plaintiff's injury, and awarded him substantial damages. Defendant moved, pursuant to CPLR 4404 for, inter alia, judgment notwithstanding the verdict on the ground that plaintiff's claim was barred by the Workers' Compensation Law. The court denied the motion for judgment notwithstanding the verdict, finding that the record supported a finding of negligence on the part of defendant. We reverse.

Plaintiff argues that he made a showing of negligence based on defendant's ownership of the vehicle in question and the latter's failure to produce the lease agreement evincing its delegation of responsibility for the vehicle's maintenance to Morgan

Excel. Both Paniccia and defendant's treasurer, however, testified that Morgan Excel leased the vehicle and that Morgan Excel was solely responsible for its maintenance. Other than the inference to be drawn against defendant based on the adverse inference charge, plaintiff offered no countervailing evidence. Thus, any negligence in maintaining the vehicle was that of Paniccia and/or Morgan Excel, not defendant.

Even if the record supported a claim that Paniccia was an agent of defendant, plaintiff's claim would still be barred by the Workers' Compensation Law (*see Heritage v Van Patten*, 59 NY2d 1017 [1983]), since plaintiff and Paniccia were coemployees. A case illustrating the point is *Dittert v Oak Tree Farm Dairy* (249 AD2d 355 [1998]). There, the plaintiffs, employees of Dairy Barn, were injured during the course of armed robberies at two convenience stores, one in Deer Park and the other in Babylon. They claimed that Dairy Barn's district supervisor, also an employee of Oak Tree, had assumed a duty to them when he telephoned the Babylon store to warn its employees that an armed robbery had occurred at the Deer Park store, but breached that duty when he failed to direct the employees to close the Babylon store. Thus, the plaintiffs claimed, Oak Tree was vicariously liable for the district supervisor's conduct. The Second Department rejected this argument and dismissed the complaint, finding, as a matter of law, that the district supervisor was a coemployee of the plaintiffs and that the plaintiffs' action, based upon his acts performed in the scope of his employment, was barred by the Workers' Compensation Law.

Finally, while plaintiff argues that defendant failed to plead the Workers' Compensation Law as an affirmative defense, it did, immediately prior to summation, move to dismiss, citing *Heritage v Van Patten* (59 NY2d 1017 [1983], *supra*). That motion was denied. The issue was raised again in defendant's posttrial motion to set aside the verdict. The affirmative defense of workers' compensation is waived "only by a defendant ignoring the issue to the point of final disposition itself" (*Murray v City of New York*, 43 NY2d 400, 407 [1977]). Thus, the issue was timely raised. Concur—Sullivan, J.P., Nardelli, Catterson, McGuire and Malone, JJ.