■ Giovanni Sostre et al., Respondents, v Luellen Jaeger, Doing Business as Alt Jay Realty Co., et al., Appellants. Luellen Jaeger, Doing Business as Alt Jay Realty Co., Third-Party Plaintiff-Appellant-Respondent, v Starbucks Corporation, Third-Party Defendant-Respondent-Appellant. [832 NYS2d 150]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered September 29, 2006, which, in an action by third-party defendant Starbucks' employee for personal injuries caused by an electrical explosion in a circuit breaker on premises leased by Starbucks and owned by defendant and third-party plaintiff Alt, (1) denied Alt's motion for summary judgment dismissing the complaint as against it, dismissing the cross claims of defendants electrical contractor Bennani and his company Universal, and awarding it judgment on its third-party complaint against Starbucks, (2) denied Starbucks' cross motion for summary judgment dismissing Alt's third-party complaint, and (3) denied Bennani's cross motion for summary judgment dismissing the complaint as against it and dismissing Alt's cross claims, unanimously affirmed, without costs.

Although an out-of-possession landlord, Alt may be held liable for the explosion that allegedly caused plaintiff's injuries because it expressly reserved a right under the lease to enter the premises for the purpose of inspection, maintenance and repair, and as plaintiff's expert set forth specific statutory violations and/or structural defects with respect to the electrical system (see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566-567 [1987]; De Souza v Jocar Realty Co., 302 AD2d 336 [2003]). Bennani's testimony and the affidavit of plaintiff's expert raise issues of fact as whether the electrical work performed by Bennani and/or his company contributed to the explosion. Insofar as pertinent, the subject indemnification clause obligates Starbucks to indemnify Alt for "any injury to Tenant or any other person." For purposes of the exception in Workers' Compensation Law § 11 permitting a third-party claim against an employer based on a written contract in which the

employer "had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered," we find that the phrase "any other person" is sufficiently express to include Starbucks' employees (cf. *Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 433 [2005]; *Acosta v Green Mgt. Corp.*, 267 AD2d 67 [1999]). We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Sullivan, Williams, Buckley and Kavanagh, JJ.