■ Raul Garcia et al., Respondents, v Peter Pepe, Jr., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [839 NYS2d 544]—

In an action to recover damages for personal injuries, etc., the defendants Peter Pepe, Jr., and Laurie Pepe appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Douglass, J.), dated January 17, 2006, as denied as premature that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court dated June 21, 2006, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant P.N.P. Auto Body, Inc., separately appeals, as limited by its brief, from so much of the order dated January 17, 2006, as denied those branches of its motion which were to vacate a judgment of the same court dated March 1, 2005, entered upon its default, and for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendants Peter Pepe, Jr., and Laurie Pepe from so much of the order dated January 17, 2006, as denied as premature that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as that portion of the order was superseded by the order dated June 21, 2006; and it is further,

Ordered that order dated June 21, 2006 is reversed insofar as appealed from, on the law, and the motion of the defendants Peter Pepe, Jr., and Laurie Pepe for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,

Ordered that the order dated January 17, 2006 is reversed insofar as appealed from by the defendant P.N.P. Auto Body, Inc., on the law and in the exercise of discretion, and those branches of the motion of the defendant P.N.P. Auto Body, Inc., which were to vacate the judgment of the same court dated March 1, 2005, entered upon its default, and for summary judgment dismissing the complaint insofar as asserted against it are granted, and the judgment is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

On October 27, 1997 the plaintiff Raul Garcia (hereinafter the plaintiff), an automobile mechanic, was severely burned while moving a gasoline tank to change a fuel pump, when a drop light he was using fell and broke, igniting flammable fumes. At issue here is the liability of the plaintiff's employer, P.N.P. Auto Body, Inc. (hereinafter PNP), and the landlords, Peter Pepe, Jr., and his wife, Laurie Pepe, who leased the premises to PNP. In January 1995, more than two years before the accident, Mr. Pepe had sold PNP to a new owner and leased the space occupied by PNP to PNP.

This Court, on a prior appeal, held that JWS Technologies (hereinafter JWS), which was originally a defendant in this action, was entitled to summary judgment on the ground that it established, as a matter of law, that its canisters were not a proximate cause of the accident (see *Garcia v Pepe*, 11 AD3d 654 [2004]). This decision did not deal with issues relevant to the liability of the Pepes.

The Pepes were entitled to summary judgment. The plaintiffs' theory of liability against them does not deal with any defect in the building itself (see *Sostre v Jaeger*, 38 AD3d 234 [2007]). Rather, the plaintiffs' theory of liability is that PNP allowed dangerous conditions and practices on its premises and therefore failed to maintain a safe place to work.

The Pepes established their entitlement to judgment as a matter of law by establishing that they did not own PNP. The plaintiff, in opposition, failed to raise a triable issue of fact. The plaintiff submitted evidence that Mr. Pepe worked for PNP at the time of the accident. In February 2001 the Workers' Compensation Board concluded that the plaintiff was entitled to workers' compensation coverage as an employee of PNP. If Mr. Pepe was working for PNP at the time of the accident, he would be considered a de facto employer or co-employee of the plaintiff, whose liability to the plaintiff is barred by the exclusivity of workers compensation coverage (see Workers' Compensation Law § 11; *Macchirole v Giamboi*, 97 NY2d 147 [2001]; *Raptis v Juda Constr., Ltd.*, 26 AD3d 153, 155 [2006]; *Romano v Curry Auto Group*, 301 AD2d 509 [2003]). Accordingly, the Supreme Court should have granted that branch of the Pepes' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Similarly, the action insofar as asserted against PNP is barred by the exclusivity of workers' compensation coverage. While the exclusivity of workers' compensation may be waived, "such waiver is accomplished only by a defendant ignoring the issue to the point of final disposition itself and, in this sense, it is not

the kind of subject-matter jurisdiction deficiency which ousts a court of competence to decide the case" (*Murray v City of New York*, 43 NY2d 400, 407 [1977]). Thus, contrary to PNP's argument on appeal, the Supreme Court had subject matter jurisdiction to enter judgment.

PNP did not raise the issue of the exclusivity of workers' compensation coverage until December 2005, when it moved to vacate a default judgment entered against it on March 26, 2005. That judgment was entered upon its default in answering in 1999 and thereafter upon its default in appearing at the inquest on February 28, 2005.

In its motion to vacate the default, PNP asserted that it was on the verge of dissolution in 1999, was in fact dissolved in 2000, and was never personally served with process. Its insurance carrier did not learn of the instant action until June 2005. It further noted that its motion was made within one year of its default in appearing at the inquest and it was never served with notice of entry of the default judgment.

CPLR 5015 (a) (1) provides that a party may be relieved of a judgment based upon an excusable default and meritorious defense, "if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry." In the instant case, PNP was never served with the judgment with written notice of entry and asserted a reasonable excuse for its default.

Further, PNP established a meritorious defense and that the plaintiff has no viable cause of action against it which would warrant entry of a default judgment against it (*see* CPLR 3215 [f]; *Resnick v Lebovitz*, 28 AD3d 533 [2006]; *Beaton v Transit Facility Corp.*, 14 AD3d 637 [2005]; *Fappiano v City of New York*, 5 AD3d 627 [2004]). The award of the Workers' Compensation Board precluded the plaintiff from pursuing a civil remedy for his injuries (*see Liss v Trans Auto Sys.*, 68 NY2d 15, 21 [1986]; *O'Rourke v Long*, 41 NY2d 219 [1976]).

Accordingly, summary judgment dismissing the complaint insofar as asserted against PNP should have been granted as well. Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.