Fowler v Buffa (2019 NY Slip Op 01306)





Fowler v Buffa


2019 NY Slip Op 01306


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8454 22577/13E

[*1]Norma Fowler, Plaintiff-Appellant,
v
Salvatore D. Buffa, M.D., et al., Defendants-Respondents, Surgicare Ambulatory Center, Inc., Defendant.


Law Office of Robert F. Danzi, Jericho (Christine Coscia of counsel), for appellant.
Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for Salvatore D. Buffa, M.D., Victoria A. Brand, CRNA and Alliance Anesthesiology Associates, P.L.L.C., respondents.
Ekblom & Partners, LLP, New York (Deborah I. Meyer of counsel), for Anurag Shrivastava, M.D., respondent.



Judgment, Supreme Court, Bronx County (Faviola A. Soto, J.), entered July 31, 2017, which, following a jury verdict in defendants' favor, dismissed the complaint, unanimously affirmed, without costs.
The trial court did not err in precluding a disability insurance form alleged to contain a statement against interest from defendant Anurag Shrivastava, M.D. The imposition of sanctions for discovery misfeasance is a matter better left to the sound discretion of the trial court (see Gomez v New York City Hous. Auth., 217 AD2d 110, 114 [1st Dept 1995]). CPLR 3101 provides that there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, including a party's own statements (see also Sands v News Am. Publ., 161 AD2d 30, 42 [1st Dept 1990]). Plaintiff's disclosure of the document less than two days prior to trial was an unfair surprise for which no reasonable excuse was proffered (see Curbean v Kibel, 12 AD3d 206, 207 [1st Dept 2004]; Ward v Mehar, 264 AD2d 515, 516 [2d Dept 1999]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK