Miral, Inc. v Kovac Media Group, Inc. (2023 NY Slip Op 00177)

Miral, Inc. v Kovac Media Group, Inc.

2023 NY Slip Op 00177

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 159320/16 Appeal No. 17063 Case No. 2021-04009 

[*1]Miral, Inc., etc., et al., Plaintiffs-Respondents,
v
Kovac Media Group, Inc., Doing Business as Tenth Street Entertainment et al., Defendants-Appellants, Evil Entertainment, Inc., et al., Defendants.

Davidoff Hutcher & Citron LLP, New York (Peter M. Ripin of counsel) and Miller Barondess, LLP, Los Angeles, CA (David W. Schecter of the bar of the State of California, admitted pro hac vice, of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Greg Freedman of counsel), for respondents.

Order, Supreme Court, New York County (Frank Nervo, J.), entered September 12, 2021, which denied the motions of defendants Kovac Media Group, Inc., doing business as Tenth Street Entertainment, and Artist Group International LLC for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants' summary judgment motions were untimely, as they were filed two months after the court-ordered deadline expired, with no explanation for the delay in filing until defendants submitted their replies (CPLR 3212[a]; see Cabibel v XYZ Assoc., L.P., 36 AD3d 498, 498-499 [1st Dept 2007]; Quinones v Joan & Sanford I. Weill Med. Coll. & Graduate Sch. of Med. Sciences of Cornell Univ., 114 AD3d 472, 473 [1st Dept 2014]). Nor did the explanations offered by counsel rise to the level of "good cause." First, the calendaring error on which counsel blames the late filing amounts to no more than law office failure, which is an insufficient basis for a finding of good cause where a party has filed a late summary judgment motion (see Hennessey-Diaz v City of New York 146 AD3d 419, 420 [1st Dept 2017]). Second, counsel asserts that he was unaware of the court-ordered 60-day deadline because of a purported glitch in the New York State Courts Electronic Filing system. However, the relevant deadline was set forth in a compliance conference order in 2018 and, as counsel concedes, the NYSCEF glitch affected only documents filed during a period of time in 2019. Defendants' counsel should at any rate have been aware that there would be an order issued after the January 16, 2019 compliance conference, and should have taken care to file the motions within the applicable deadline after that order was issued. We decline to consider defendants' arguments regarding the impact of the COVID-19 pandemic and any tolling provisions because they were raised for the first time on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023