| **Stone v Dim Sum Palace, Inc.** |
| :---: |
| 2025 NY Slip Op 34389(U) |
| November 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151794/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO      PART      33M

          *Justice*

-----------------------------------------------------------------------X

ZACHARY STONE, DELIA BEATRIZ MARTINEZ, NICOLAS CIANCA,

                Plaintiffs,

- v -

DIM SUM PALACE, INC.,DIM SUM PALACE, DIM SUM PALACE YAN, INC.,DIM SUM PALACE V INC.,DIM SUM PALACE VI INC.,DIM SUM SAM INC.,DIM SUM YAN INC.,DIM SUM PALACE EXPRESS INC.,DIM SUM NOW INC.,KEVIN YAN, SAM YAN, DIM SUM V INC, DIM SUM VI INC, JOHN DOES, ABC CORPS. I - X,

                Defendants.

-------------------------------------------------------------------------X

KEVIN YAN, SAM YAN, DIM SUM V INC

                Plaintiff,

-against-

B&J HOOD AND DUCT CLEANING, INC.

                Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151794/2024 |
| MOTION DATE | 08/30/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596190/2024

The following e-filed documents, listed by NYSCEF document number (Motion 004) 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218

were read on this motion to/for            AMEND CAPTION/PLEADINGS       .

     Upon the foregoing documents, and after a final submission date of October 1, 2025, Plaintiffs' motion seeking leave to serve a Third Amended Complaint is granted in part and denied in part. Defendant/Third-Party Plaintiff Dim Sum V Inc.'s ("Dim Sum V") cross motion to dismiss Plaintiffs' claim for negligent infliction of emotional distress claim and request for punitive damages is denied.

**151794/2024 STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL**
**Motion No. 004**

Page 1 of 6

1 of 6

[* 1]

This action arises from damages allegedly sustained from a fire that spread to Plaintiffs' apartments. Plaintiffs request leave to amend because, according to Plaintiffs' counsel, in prior pleadings they omitted a demand for a jury trial, they need to update their current addresses, and they wish to allege additional facts purportedly uncovered in discovery. The only party to oppose is Dim Sum V, who also cross moves to dismiss Plaintiffs' claims for negligent infliction of emotional distress and to strike Plaintiffs' request for punitive damages.

Dim Sum V argues it will be prejudiced by the proposed amendment, which alleges the fire giving rise to this action originated in Dim Sum V's "restaurant, kitchen and/or ceiling of the kitchen" because a joint examination of evidence relating to the fire was held on November 19, 2024, and as of June 6, 2025, all parties were on notice that the non-party landlord, HWCC Realty Corp. ("HWCC Realty"), would be discarding the evidence related to the cause and origins of the fire. Yet, Plaintiffs did not seek leave to supplement their allegations as to the cause and origin of the fire until August 30, 2025. They also argue Plaintiffs cannot maintain a cause of action for negligent infliction of emotional distress, and the allegations do not give rise to punitive damages. In reply, Plaintiffs argue Dim Sum V's prejudice is self-inflicted as it had the opportunity to preserve and inspect the evidence at issue and it chose not to pay for a storage facility to preserve the evidence.

Plaintiff's motion is granted in part and denied in part. Leave to amend is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. v National Union Fire*

151794/2024 STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL Page 2 of 6
Motion No. 004

2 of 6

*Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]).

There is no opposition to the proposed amendment to the extent it updates Plaintiffs' addresses and demands a jury trial. Moreover, the Court finds Dim Sum V's opposition to the inclusion of additional factual allegations, including the allegation that the fire originated in Dim Sum V's "restaurant, kitchen and/or ceiling of the kitchen" to be without merit. Dim Sum V concedes it had an opportunity to investigate the cause and origin of the fire and evidence was made available to it. There is no explanation as to why Dim Sum V failed to object to non-party HWCC Realty's notice that it would be destroying the evidence. Nor is there any reason proffered why Dim Sum V did not take any steps to preserve the evidence after HWCC Realty notified of its intention to destroy it.

Given the liberal standard on a motion seeking leave to amend, Dim Sum V has failed to show substantial prejudice warranting denial of additional factual allegations as to the cause of the fire. There was nothing that was done by Plaintiffs to hinder Dim Sum V from preparing its defense of the case (*see McGhee v Odell*, 96 AD3d 449 [1st Dept 2012] [prejudice requires a showing that defendant was hindered in the preparation of its case or has been prevented from taking some measure in support of its position]). Moreover, Dim Sum V is in possession of surveillance videos from around the time of the fire, has conducted its own testing of the evidence held by HWCC Realty, employed witnesses who were present at the time of the fire, and could have objected to HWCC Realty's destruction of certain evidence but did not. It cannot claim now it is unduly prejudiced by Plaintiff's proposed factual allegations when it has or had access to plenty of evidence which may disprove Plaintiff's proposed allegations. Therefore, Plaintiff's motion

151794/2024   STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL
Motion No. 004

Page 3 of 6

3 of 6

[* 3]

seeking leave to amend to assert the new factual allegations, a demand for a jury trial, and include their updated addresses is granted.

Plaintiff Delia Martinez is denied leave to amend to assert a cause of action for negligent infliction of emotional distress because there are no alleged facts that she was in any physical danger from the fire (*see Allstate Ins. Co. v Burger King Corp.*, 25 AD3d 472 [1st Dept 2006] citing *Curbean v Kibel*, 12 AD3d 206 [1st Dept 2004]). The medical reports Plaintiffs rely on state Ms. Martinez was not in the building at the time of the fire. However, Plaintiffs Nicolas Cianca and Zachary Stone are granted leave to assert a cause of action for negligent infliction of emotional distress because according to Dim Sum V's own expert medical reports exchanged in discovery (NYSCEF Docs. 212 and 214), Mr. Cianca and Mr. Stone were present in the building at the time of the fire, raising an issue of fact which cannot be determined on this motion as to whether they were placed in sufficient danger to give rise to a negligent infliction of emotional distress claim (*see Curbean, supra* at 207 [infant plaintiff could maintain emotional distress claim based on her direct experience in the fire]). Therefore, Plaintiffs Nicolas Cianca and Zachary Stone are granted leave to assert a cause of action for negligent infliction of emotional distress, but Plaintiff Delia Martinez, who was not in the building at the time of the fire, is denied leave to assert a cause of action for negligent infliction of emotional distress.

Finally, Dim Sum V has failed to show that the demand for punitive damages is patently devoid of merit to warrant denying leave to amend. If, as alleged by Plaintiffs, the fire was caused by the failure to adequately clean grease and/or the failure to enforce a no-smoking policy in Dim Sum V's kitchen, then at this juncture it remains an issue of fact as to whether Dim Sum V acted in deliberate disregard of the other tenants in the building to the level of willful or wantonness sufficient to impose punitive damages (*see, e.g. Borst v Lower Manhattan Dev. Corp.*, 162 AD3d

581, 582 [1st Dept 2018]). In issuing this Decision, the Court is mindful that the procedural posture on this motion is one seeking leave to amend or alternatively seeking to dismiss pursuant to CPLR 3211(a)(7). The Court makes no judgment as to the merits of a future summary judgment motion seeking to strike the punitive damages demand upon a more fully developed record.

In light of the Court granting Plaintiffs leave to amend, with the exception that Plaintiff Martinez is denied leave to assert a cause of action for negligent infliction of emotional distress, Dim Sum V's motion to dismiss is denied as moot. The Court has addressed the merits of the proposed causes of action and granted or denied leave to amend based on the sufficiency of the proposed pleadings.

Accordingly, it is hereby,

ORDERED that Plaintiffs' motion seeking leave to serve a Third Amended Complaint is granted, except the branch of the motion which seeks leave to include a negligent infliction of emotional distress claim on behalf of Plaintiff Delia Martinez is denied; and it is further

ORDERED that Defendant Dim Sum V Inc.'s cross motion to dismiss is denied as moot in light of this Court granting in part and denying in part Plaintiff's motion seeking leave to amend; and it is further

ORDERED that Plaintiffs shall serve a Third Amended Complaint in conformance with this decision within ten days of entry on all parties via NYSCEF; and it is further

ORDERED that Defendants shall answer the Third Amended Complaint within 20 days from the date of said service; and it is further

ORDERED that counsel are directed to meet and confer immediately and submit an updated propose case management order via e-mail to SFC-Part33-Clerk@nycourst.gov, but in no event shall the proposed order be submitted any later than December 3, 2025. If the parties cannot

**151794/2024   STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL**
**Motion No. 004**

Page 5 of 6

agree to a proposed order, they shall appear for an in-person status conference on February 11, 2026 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York;[1] and it is further

ORDERED that within ten days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_____11/18/2025_____
DATE

_____My V Rosado JSC_____
HON. MARY V. ROSADO, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☒ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

_____

[1] This Court previously scheduled a virtual conference for November 19, 2025, but the parties represent they are unavailable on that date. Therefore, the conference is adjourned to February 11, 2026. The parties are strongly encouraged to cooperate in good faith and submit a proposed order to avoid having to appear for an in-person conference.

**151794/2024  STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL** Page 6 of 6
**Motion No.  004**