**Campos v Titanium Constr. Servs., Inc.**

2026 NY Slip Op 31037(U)

March 17, 2026

Supreme Court, New York County

Docket Number: Index No. 160316/2021

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. PHAEDRA F. PERRY-BOND** | PART 35 |
| _Justice_ | |

------------------------------------------------------------------X

LUIZ FILIPE CUNHA CAMPOS,

                     Plaintiff,

                - v -

TITANIUM CONSTRUCTION SERVICES, INC.,1165
MADISON AVE OWNER, LLC,NAFTALI GROUP, LLC,

                     Defendant.

--------------------------------------------------------------------X

TITANIUM CONSTRUCTION SERVICES, INC., 1165
MADISON AVE OWNER, LLC

                   Plaintiff,

              -against-

MANHATTAN CONCRETE, LLC

                   Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160316/2021 |
| MOTION DATE | 04/07/2025, 05/05/2025, 05/13/2025 |
| MOTION SEQ. NO. | 005 006 007 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595127/2022

The following e-filed documents, listed by NYSCEF document number (Motion 005) 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 155, 158, 161, 163, 164, 165, 169

were read on this motion to/for                 JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 138, 139, 140, 141, 142, 143, 148, 149, 150, 151, 152, 153, 154, 156, 159, 166, 167, 168

were read on this motion to/for         SUMMARY JUDGMENT(AFTER JOINDER   .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 144, 145, 146, 147, 157, 160, 162, 170

were read on this motion to/for              JUDGMENT - SUMMARY     .

     Upon the foregoing documents, motion sequences 005 through 007 are consolidated for

disposition and decided in accordance with the reasons that follow.

160316/2021   CUNHA CAMPOS, LUIZ FILIPE vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL
Motion No.  005 006 007

Page 1 of 9

[* 1]

**A.** Plaintiff Luiz Filipe Cunha's ("Plaintiff") motion for summary judgment ("Mot. Seq. 005") on the issue of liability with respect to his Labor Law §§ 240(1) and 241(6) claims is granted in part and denied in part.

**B.** Defendant/Third-Party Plaintiffs Titanium Construction Services, Inc. ("Titanium"), 1169 Madison Ave Owner LLC ("Madison Ave"), and Defendant Naftali Group, LLC's ("Naftali Group") (collectively "Defendants") motion for summary judgment ("Mot. Seq. 006") dismissing Plaintiff's Labor Law § 200 and common law negligence claims and seeking summary judgment on the third-party contractual indemnification claim against Third-Party Defendant Manhattan Concrete LLC ("Manhattan Concrete") is granted.

**C.** Manhattan Concrete's motion for summary judgment ("Mot. Seq. 007") dismissing the Third-Party Complaint and seeking leave to amend to include the Workers' Compensation Law as an affirmative defense is denied.

## I.    Background

Plaintiff was injured on September 30, 2021, while employed by Manhattan Concrete as a carpenter at a construction project at 1165 Madison Avenue, New York, New York (the "Premises"). Madison Ave owned the Premises (NYSCEF Doc. 50). Madison Ave retained Titanium as construction manager, and Titanium contracted Manhattan Concrete to perform concrete work at the Premises (NYSCEF Doc. 131 at 24; 40; *see also* NYSCEF Doc. 135).

At the time of Plaintiff's accident, Manhattan Concrete was pouring concrete into a wooden form[1] to create a wall, but cement began leaking out of the wooden form (NYSCEF Doc. 129 at 51-52). The leak came from two small holes in the wooden form approximately 10 to 12 feet off

---

[1] A wooden form is used as a temporary structure to mold concrete into a desired shape while the wet concrete hardens.

160316/2021   CUNHA CAMPOS, LUIZ FILIPE vs. TITANIUM CONSTRUCTION SERVICES, INC. ET    Page 2 of 9
AL
Motion No.  005 006 007

2 of 9

the ground (*id.* at 52-57). Manhattan Concrete's foreman, Felipe, instructed Plaintiff to position and climb a spare and unsecured wooden form to stop the leak (*id.* at 52-58). Plaintiff climbed the spare wooden form and began closing the site of the leak when the wooden form slid and Plaintiff fell (*id.* at 61). Plaintiff's coworker, Osamir Sebastio Souza ("Souza"), witnessed the accident and submitted an affirmation corroborating Plaintiff's account (NYSCEF Doc. 130). Daniel Saldana, Manhattan Concrete's safety director, testified he first learned of Plaintiff's accident on October 1, 2021 (NYSCEF Doc. 134 at 15). Mr. Saldana testified he spoke with Plaintiff using the foreman, Felipe, as a translator (*id.* at 17). Mr. Saldana admitted that an A-frame ladder should have been used by Plaintiff (*id.* at 18-19).

Theodore Clohessy, the project's superintendent employed by Titanium, testified he saw Manhattan Concrete employees working at elevated heights without their harnesses being tied off to a secure surface (NYSCEF Doc. 131 at 75-76). Mr. Clohessy yelled at Manhattan Concrete's foreman after observing these safety violations and would remove Manhattan Concrete employees from the Premises (*id.*). Mr. Clohessy testified that he yelled at several Manhattan Concrete foremen for allowing Manhattan Concrete employees to use wooden forms as ladders (*id.* at 80). Mr. Clohessy testified that using a wooden form as a ladder was inappropriate and workers must use an appropriate ladder to climb heights (*id.* at 76-77). Now, the parties each move for summary judgment. The motions are consolidated for disposition.

## II.  Discussion

### A.  Plaintiff's Motion (Mot. Seq. 005)

Plaintiff's motion for summary judgment is granted in part and denied in part. The motion is granted with respect to Plaintiff's Labor Law § 240(1) claim. There is no dispute that Plaintiff was engaged in work within the meaning of Labor Law §240(1), nor is there any dispute that

160316/2021   CUNHA CAMPOS, LUIZ FILIPE vs. TITANIUM CONSTRUCTION SERVICES, INC. ET        Page 3 of 9
AL
Motion No.  005 006 007

3 of 9

Titanium and Madison Ave are proper Labor Law defendants.[2] Plaintiff's uncontroverted testimony that he was injured when he fell from a height after following his foreman's instruction to climb an unsecured wooden form to plug leaks located 10-12 feet high establishes a *prima facie* violation of Labor Law § 240(1) violation (*see, e.g. Palumbo v Citigroup Technology, Inc.*, 240 AD3d 455, 456 [1st Dept 2025] [fall from height while using stack of pallets to engage in construction work constitutes Labor Law § 240(1) violation]; *see also Dasilva v Super P57, LLC*, 243 AD3d 469, 470 [1st Dept 2025]). There is no evidence that a ladder was readily available for Plaintiff to use, nor is there any evidence that Plaintiff had a location or opportunity to tie off his harness (*Velez v LSG 105 West 28th, LLC*, 236 AD3d 617, 617 [1st Dept 2025] [worker's fall after climbing concrete form constituted Labor Law § 240(1) violation]). The burden now shifts to Defendants to raise a triable issue of fact.

However, in opposition, Defendants fail to raise an issue of fact. As a preliminary matter, the opposition papers and accompanying exhibits were filed late despite the parties entering multiple stipulations adjourning the time for Defendants/Third-Party Defendant to file any opposition. There is no explanation proffered for the late opposition despite the multiple extensions of time to file (*see, e.g. Mo v Zhou*, 235 AD3d 556, 557 [1st Dept 2025]).

However, even considering the opposition, Plaintiff is still entitled to summary judgment on his Labor Law § 240(1) claim. The argument that Plaintiff was a recalcitrant worker is without merit, as the uncontroverted evidence shows that Plaintiff was following his foreman's direct order to climb the unsecured wooden form (*see Velez, supra* citing *DeRose v Bloomingdale's Inc.*, 120 AD3d 41, 45 [1st Dept 2014]). Where there is no specific, first-hand evidence that Plaintiff

---

[2] There is no showing that Naftali Group is a proper Labor Law defendant and there is no explanation at all with respect to the Naftali Group's relationship to the Premises or construction work. Therefore, the motion is denied as to the Naftali Group.

**160316/2021   CUNHA CAMPOS, LUIZ FILIPE vs. TITANIUM CONSTRUCTION SERVICES, INC. ET          Page 4 of 9
AL
Motion No. 005 006 007**

disregarded an immediate and direct order regarding safety, Plaintiff cannot be considered a recalcitrant worker or the sole proximate cause of his accident (*see e.g. Lemache v Elk Manhasset LLC,* 222 AD3d 591, 592 [1st Dept 2023]; *Pirozzo v Laight Street Fee Owner LLC*, 209 AD3d 596, 597 [1st Dept 2022] citing *Valdez v City of New York*, 189 AD3d 425 [1st Dept 2020]).

The hearsay statements attributed to Plaintiff and his coworker, Mr. Souza, are likewise insufficient (*see, e.g. Nava-Juarez v Mosholu Fieldston Realty, LLC*, 167 AD3d 511, 512 [1st Dept 2018]). Moreover, the statements were translated from Portuguese and are inadmissible absent a showing that "the translation was provided by a competent, objective interpreter whose translation was accurate" (*see Lourenco v City of New York*, 228 AD3d 577, 582 [1st Dept 2024] quoting *Nava-Juarez, supra* at 512; *see also Mosquera v TF Cornerstone Inc.*, 230 AD3d 1065, 1065-1066 [1st Dept 2024] citing *Sanchez v 1 Burgess Rd., LLC*, 195 AD3d 531, 532 [1st Dept 2021]). Mr. Saldana, who recorded the statements, admitted he does not even speak Portuguese. Likewise, Mr. Saldana's assertion that there were safety devices available at the time of Plaintiff's accident is insufficient as Mr. Saldana was not even at the Premises at the time of Plaintiff's accident.

Therefore, Plaintiff's motion for summary judgment on his Labor Law § 240(1) claim is granted. In light of Plaintiff obtaining summary judgment on Labor Law § 240(1), the branch of Plaintiff's motion seeking summary judgment on his Labor Law § 241(6) claim is denied as academic (*see Mustafaj v City of New York*, 245 AD3d 440, 442 [1st Dept 2026] citing *Malan v FSJ Realty Group II LLC*, 213 AD3d 541, 542 [1st Dept 2023]).

### B. Titanium's Motion

Titanium's motion is granted. As a preliminary matter, Titanium's motion is timely as it was filed within ninety days of the note of issue, which was the applicable deadline pursuant to Part 35's rules when this matter was assigned in March of 2025.

160316/2021   CUNHA CAMPOS, LUIZ FILIPE vs. TITANIUM CONSTRUCTION SERVICES, INC. ET        Page 5 of 9
AL
Motion No.  005 006 007

5 of 9

The motion for summary judgment dismissing Plaintiff's Labor Law § 200 and common law negligence claims is granted. "Where a defect is not inherent but is created by the manner in which the work is performed, the claim under Labor Law § 200 is one for means and methods and not one for a dangerous condition existing on the premises" (*see Villanueva v 114 Fifth Avenue Associates LLC*, 162 AD3d 404, 406 [1st Dept 2018]). Here, the mechanism which caused Plaintiff's injury was the unsecured wooden form he was instructed to climb – i.e., faulty or inadequate equipment. Plaintiff was not injured due to an inherently dangerous condition existing on the Premises (*see, e.g. Estrella v GIT Industries, Inc.*, 105 AD3d 555, 556 [1st Dept 2013] citing *Castellon v Reinsberg*, 82 AD3d 635, 636 [1st Dept 2011]). Therefore, Plaintiff's Labor Law § 200 and common law negligence claims fall into the "means and methods" bucket. Titanium may only be held liable if they exercised supervisory control over the injury-producing work (*see Velez v LSG 105 W. 28th, LLC*, 236 AD3d 617, 618 [1st Dept 2025]; *Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143 [1st Dept 2012]).

The general supervision that Titanium exercised over Manhattan Concrete is insufficient to impose liability pursuant to Labor Law § 200, especially where, as here, Plaintiff admitted he received all of his tools, equipment, and instructions from Manhattan Concrete (*see Palumbo v Citigroup Technology, Inc.*, 240 AD3d 455, 456-457 [1st Dept 2025]; *Ruisech v Structure Ton Inc.*, 208 AD3d 412 [1st Dept 2022] citing *Singh v 1221 Ave. Holdings, LLC*, 127 AD3d 607, 608 [1st Dept 2015] [authority to stop any work perceived to be unsafe, without more, constitutes a general level of supervision that is not sufficient to impose liability under Labor Law § 200]).

160316/2021   CUNHA CAMPOS, LUIZ FILIPE vs. TITANIUM CONSTRUCTION SERVICES, INC. ET        Page 6 of 9
AL
Motion No.  005 006 007

6 of 9

[* 6]

The motion for summary judgment on the contractual indemnification claim asserted against Manhattan Concrete is granted. The indemnification clause found in the contract entered between Titanium and Manhattan Concrete reads:

> "To the fullest extent permitted by law, the Trade Contractor agrees to indemnify, defend and hold harmless the Construction Manager, the Owner and all parties listed as Additional Insureds on Exhibit E annexed hereto, their officers, directors, agents, employees and partners (hereafter collectively "Indemnitees") from any and all claims, suits, damages, liabilities, professional fees, including attorneys' fees, costs, court costs, expenses and disbursements related to death, personal injuries or property damage (including loss of use thereof) brought against any of the Indemnitees by any person or entity, to the extent arising out of or in connection with or as a result or consequence of the performance of the Trade Contract Work, as well as any additional work, extra work or add-on work, whether or not caused in whole or in part by the Trade Contractor or any person or entity employed, either directly or indirectly by the Trade Contractor including any Subcontractors or Sub-subcontractors thereof and their employees. The parties expressly agree that this indemnification agreement contemplates 1) full indemnity in the event of liability imposed against the Indemnitees without negligence; and 2) partial indemnity in the event of any actual negligence on the part of the Indemnitees either causing or contributing to the underlying claim, which negligence is expressly excepted from the Trade Contractor's obligation to indemnify." (NYSCEF Doc. 140 at § 13.1).

The contract defines "Owner" as Madison Ave, "Construction Manager" as Titanium, and "Trade Contractor" as Manhattan Concrete. The indemnification clause is triggered because there is no dispute that Madison Ave and Titanium are held vicariously liable under Labor Law § 240(1) as a result of Manhattan Concrete's work and as a result of no negligence on the part of Madison Ave and Titanium (*see Hasan v Macerich Company*, 239 AD3d 568, 570 [1st Dept 2025]; *Smith v Broadway 110 Developers, LLC*, 80 AD3d 490, 491 [1st Dept 2011]). Manhattan Concrete has failed to set forth any triable issue of fact on the issue of contractual indemnification. Therefore, the motion for summary judgment with respect to the third-party contractual indemnification claims is granted (*see Wilk v Columbia Univ.*, 150 AD3d 502, 503 [1st Dept 2017]).

### C. Manhattan Concrete's Motion

Manhattan Concrete's motion for summary judgment is denied. As a preliminary matter, Manhattan Concrete's motion for summary judgment is late. Pursuant to the Court of Appeals, a party filing a late motion for summary judgment must demonstrate "good cause" for the untimely filing (*Brill v City of New York*, 2 NY3d 648 [2004]). As noted by the First Department and Court of Appeals, court-ordered time frames are not options, they are requirements, to be taken seriously by the parties" (*Appleyard v Tigges*, 171 AD3d 534, 536 [1st Dept 2019] citing *Miceli v State Farm Mut. Auto Ins. Co.*, 3 NY3d 725, 726 [2014]; *see also Perini Corp v City of New York*, 16 AD3d 37 [1st Dept 2005]; *Cabibel v XYZ associates, L.P.*, 36 AD3d 498 [1st Dept 2007]). Manhattan Concrete proffers an unsubstantiated excuse that it "overlooked" the deadline to file summary judgment – but Manhattan Concrete should have been on notice of the deadline to file given the other motions for summary judgment that were filed on time. The failure to demonstrate good cause alone warrants denying the late motion for summary judgment (*see, e.g. Miral, Inc. v Kovac Media Group, Inc.*, 212 AD3d 479 [1st Dept 2023]).

On the merits, there is no basis to grant Manhattan Concrete summary judgment considering Madison Ave and Titanium have already been awarded summary judgment on their contractual indemnification claims. Considering this finding, the contribution and common law indemnification claims, and the accompanying Workers' Compensation defense, are moot (*see Flores v Lower East Side Service Center, Inc.*, 4 NY3d 363, 365-368 [2005]; *Sostre v Jaeger*, 38 AD3d 234 [1st Dept 2007]). Because Madison Ave and Titanium are entitled to contractual indemnification, the motion seeking leave to amend to assert the Workers' Compensation law as an affirmative defense is denied as moot. Finally, Manhattan Concrete has failed to produce any evidence that it procured the requisite insurance pursuant to its contract with Madison Ave and

**160316/2021  CUNHA CAMPOS, LUIZ FILIPE vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL**
**Motion No.  005 006 007**
Page 8 of 9

8 of 9

[* 8]

Titanium. There is no insurance policy annexed to the motion papers, let alone any documents indicating the requisite insurance was procured (*Ruisech v Structure Tone Inc.*, 208 AD3d 412, 417 [1st Dept 2022]; *Prevost v One City Block LLC*, 155 AD3d 531, 536 [1st Dept 2017]). Therefore, Manhattan Concrete's motion is denied.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment (Mot. Seq. 005) is granted with respect to the issue of liability on Plaintiff's Labor Law § 240(1) claim against Defendants Titanium and Madison Ave, and the remainder of the motion is denied; and it is further

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Labor Law § 200 and common law negligence claims and on the third-party claims for contractual indemnification is granted; and it is further

ORDERED that Manhattan Concrete's motion is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

3/17/26
DATE

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

160316/2021   CUNHA CAMPOS, LUIZ FILIPE vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL
Motion No.  005 006 007

Page 9 of 9

9 of 9

[* 9]