■ STANLEY H. SCHUCKMAN et al., Appellants, v SAYVILLE PLAZA DEVELOPMENT COMPANY et al., Respondents, et al., Defendant. [608 NYS2d 248] —In an action to recover a brokerage commission under a written brokerage agreement executed by the defendant Kenneth Nemeroff, a deceased general partner of the defendant Sayville Plaza Development Company, and the plaintiffs Stanley H. Schuckman and Schuckman Realty, Inc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated February 13, 1992, which granted the motion of the defendants Sayville Plaza Development Company, Wilbur Breslin, and Paul Berger to dismiss the amended complaint insofar as it is asserted against them and denied their cross motion for partial summary judgment in their favor against the defendant Sayville Plaza Development Company on their first cause of action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the respondents Sayville Plaza Development Company, Wilbur Breslin and Paul Berger to dismiss the complaint insofar as it

is asserted against them pursuant to CPLR 3211 (a) (1) and (7). The documentary evidence of a written agreement dated November 25, 1987, entered into by the appellants and the respondents' late general partner, Kenneth Nemeroff, established that the respondents are not liable to the appellants and the amended complaint fails to state a cause of action against the respondents.

The letter agreement was written on Nemeroff's personal stationery, in the first person singular, and states that the letter confirmed a "personal agreement" between Nemeroff and the appellants. The letter expressly acknowledged that the respondents had not authorized the appellants to act as broker. The letter concluded that the agreement would be binding upon the undersigned, i.e., Kenneth Nemeroff, and his representatives, heirs, successors and assigns. Nemeroff did not purport to act on behalf of the partnership, and by the express terms of the written agreement, Nemeroff was not acting with either actual or apparent authority to bind the partnership. The letter clearly evidenced an obligation on the part of Kenneth Nemeroff individually and alone and did not bind the partnership (see, Partnership Law § 20 [1]). That the letter agreement included a noncompetition clause that benefitted the partnership or that the partnership was benefitted as a result of the agreement, did not make the letter agreement binding on the partnership (see, Matter of Dunham, 52 Misc 2d 364; Ravold v Fred Beers, Inc., 151 Misc 628). Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.