■ HAMPTON HALL PTY LTD., Appellant, v GLOBAL FUNDING SERVICES, LTD., et al., Defendants, and RICK, STEINER, FELL & BENOWITZ LLP, Respondent. [918 NYS2d 455]—

This appeal arises out of an escrow agreement entered into by plaintiff and defendant Jay Rick. Since RSF&B was not a signatory to the escrow agreement, no cause of action for breach of contract can be asserted against it (*see Balk v 125 W. 92nd St. Corp.*, 24 AD3d 193, 193 [2005]). The documentary evidence establishes that Rick entered into the escrow agreement in his individual capacity and that RSF&B is, thus, not liable to plaintiff (*see Schuckman v Sayville Plaza Dev. Co.*, 201 AD2d 638 [1994]). The "whereas" clause in the agreement stating that "[plaintiff] has assigned as Escrow Agent, Jay Rick, a member of [RSF&B]," was descriptive and did not bind RSF&B (*see generally Grand Manor Health Related Facility, Inc. v Hamilton Equities Inc.*, 65 AD3d 445, 447 [2009]).

Plaintiff failed to establish the existence of Rick's apparent authority to bind RSF&B. There is no evidence of any misrepresentations by RSF&B or reliance thereon (*see Ford v Unity Hosp.*, 32 NY2d 464, 473 [1973]). Plaintiff also failed to establish that RSF&B was vicariously liable for Rick's acts. Plaintiff was not a client of the law firm, nor had it entered into a fee arrangement or any other agreement with the law firm. Thus, Rick was not acting within the ordinary course of the business of the firm, or engaging in authorized conduct (*compare Clients' Sec. Fund of State of N.Y. v Grandeau*, 72 NY2d 62 [1988]).

Plaintiff has failed to show "that facts essential to justify opposition may exist" (CPLR 3212 [f]). Accordingly, summary judgment is not premature (*see Moukarzel v Montefiore Med. Ctr.*, 235 AD2d 239, 240 [1997]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.