Mashinsky v Drescher (2020 NY Slip Op 06397)





Mashinsky v Drescher


2020 NY Slip Op 06397


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 650781/17 Appeal No. 12312N Case No. 2019-05000 

[*1]Alex Mashinsky, Plaintiff-Appellant,
v
Reid Drescher, Defendant, Spencer Clarke, LLC, Defendant-Respondent.


Yankwitt LLP, White Plains (Cassandra M. Vogel of counsel), for appellant.
The Roth Law Firm PLLC, New York (Richard A. Roth of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered September 30, 2019, which granted defendant Spencer Clarke, LLC's motion for summary judgment dismissing the breach of contract claim against it, denied plaintiff's motion to amend the complaint, and dismissed the complaint in its entirety as against Spencer Clarke, LLC, unanimously affirmed, with costs.
Where defendant Spencer Clarke, LLC "was not a signatory to the . . . agreement[s], no cause of action for breach of contract can be asserted against it" (Hampton Hall Pty Ltd. v Global Funding Servs., Ltd., 82 AD3d 523, 524 [1st Dept 2011], lv denied 17 NY3d 707 [2011]). Each agreement plainly states it is between plaintiff and defendant Reid Drescher and contains a signature block for Drescher "INDIVIDUALLY,". Moreover, the first operative clause of the agreements makes clear they are assignments of seller's — defined as defendant Reid Drescher — "rights, title and interest in and to" commissions upon closings of transactions with the identified companies. Plaintiff points to nothing in the agreements that require a different interpretation (see Isaacs v Westchester Wood Works, 278 AD2d 184, 185 [1st Dept 2000]). Furthermore, the court properly dismissed the complaint in its entirety against Spencer Clarke, LLC because the complaint does not state a claim for fraud in the inducement against it.
Leave to amend pleadings should be freely granted in the absence of prejudice or surprise so long as the proposed amendment is not palpably insufficient as a matter of law (see McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012]). Here, the proposed amended complaint is palpably insufficient as it alleges in conclusory fashion that Drescher acted on behalf of Spencer Clarke, LLC as its agent or alter ego (see First Sterling Corp. v Union Sq. Retail Trust, 102 AD3d 490 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020