Carrasquillo v Wilfred Realty Corp. (2022 NY Slip Op 03207)





Carrasquillo v Wilfred Realty Corp.


2022 NY Slip Op 03207


Decided on May 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 


Index No. 24829/15E Appeal No. 15957-15957A Case No. 2021-04238, 2021-04239 

[*1]Victor Carrasquillo, Plaintiff-Respondent,
v
Wilfred Realty Corp., Defendant-Appellant.


Law Offices of Terrence F. Kuhn, New York (Crystal E. Nagy of counsel), for appellant.
The Yankowitz Law Firm, P.C., Great Neck (Steven R. Widom of counsel), for respondent.



Order, Supreme Court, Bronx County (Theresa M. Ciccotto, J.), entered March 5, 2021, which denied defendant's CPLR 3025 motion to amend its answer to assert an additional affirmative defense under the Workers' Compensation Law, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 7, 2021, which denied defendant's motion to renew and reargue, unanimously dismissed, without costs, as academic.
Plaintiff alleges that he was injured on May 6, 2014 when he fell down a defective and unsafe stairway while working for nonparty ABCO, LLC. The premises are owned by defendant Wilfred Realty Corporation (Wilfred). ABCO's business is based at the premises.
After an initial default in answering the complaint, and the entry of a default judgment, and the vacatur of the default judgment by stipulation, and an additional three years of litigation, defendant moved to amend its answer to include a Workers Compensation defense. At his deposition, Israel Schwartz, one of defendant's principals, testified that defendant leased the premises to ABCO, that it owns no other real estate, and that defendant and ABCO are both owned "50-50" by the same two principals, Israel Schwartz and his brother David. Citing this scant testimony, defendant argues that it qualified as plaintiff's employer and that the action is thus barred by Workers Compensation Law § 11.
Leave to amend a pleading pursuant to CPLR 3025(b) is freely given, and will be denied only if there is "prejudice or surprise resulting directly from the delay" in moving to amend, "or if the proposed amendment is palpably improper or insufficient as a matter of law" (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012][internal quotation marks omitted]).
The record does not support the section 11 defense in this case so the motion to amend was properly denied (see Mashinsky v Drescher, 188 AD3d 465, 466 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022