| **O'Brien v Kaplan** |
|:---:|
| 2024 NY Slip Op 32389(U) |
| July 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652840/2020 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

EDWARD O'BRIEN and THE ESOP SHOP, LLC,

| | |
|---|---|
| **INDEX NO.** | 652840/2020 |

Plaintiffs,

| | |
|---|---|
| **MOTION DATE** | -- |

- v -

| | |
|---|---|
| **MOTION SEQ. NO.** | 005 |

LAWRENCE KAPLAN, CORPORATE SOLUTIONS
GROUP I, LLC, and CORPORATE SOLUTIONS GROUP,
LLC,

Defendants.

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 99, 100, 101, 102, 103, 104, 105, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 144, 147, 150, 226, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 258, 287, 288, 289, 290, 291, 292

were read on this motion to/for                    AMEND CAPTION/PLEADINGS                    .

This action arises from a dispute between former business associates, plaintiff

Edward O'Brien and defendant Lawrence Kaplan.

In motion sequence number 005, plaintiffs O'Brien and The ESOP Shop, LLC[1]

(ESOP Shop) move pursuant to CPLR 3025 (b) to amend the complaint or,

alternatively, pursuant to CPLR 2221 (d) (2) and (e) to renew and reargue in part this

court's decision on the motion to dismiss (mot. seq. no. 001), dismissing CSG RE

Partners, LLC (CSG RE) and CSG RE III Consulting Partners LLC (CSG RE III).[2]

---

[1] ESOP Shop is owned by O'Brien.  (NYSCEF Doc. No. [NYSCEF] 101, Proposed First Amended Complaint [FAC] ¶ 4.)

[2] Although the Notice of Motion states that plaintiffs seek to reargue the "Defendants' motion to dismiss (mot. seq. no. 3)" (NYSCEF 99, Notice of Motion [mot. seq. no. 005]), motion sequence number 003 is counterclaim defendant Blue Hippo ESOP Advisors, Inc.'s motion to dismiss counterclaims.  (*See* NYSCEF 62, Notice of Motion [mot. seq.

**652840/2020  O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**                    **Page 1 of 28**
**Motion No.  005**

The background of this action is set forth in the court's previous decision (*see* NYSCEF 87, Decision and Order at 2-4 [mot. seq. nos. 001, 003]) and will be repeated here only as necessary.

**Procedural History**

On October 16, 2022, the court dismissed CSG RE III Consulting Partners LLC[3] (CSG RE III) on the ground that no factual allegations against it were set forth in the complaint. (*See* Id. at 4-5.) The court also dismissed all causes of action against CSG RE Partners, LLC[4] (CSG RE), namely, breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, and declaratory judgment. Plaintiffs' breach of contract claim against CSG RE was dismissed as barred by the statute of frauds, General Obligations Law (GOL) § 5-701 (a) (10), and the remaining claims failed accordingly. (*Id*. at 8-13.) These four claims remain against the defendants who have not moved to dismiss.

**Discussion**

<u>Leave to Amend</u>

Plaintiffs seek to add CSG EO Real Estate Partners LLC (CSG Partners) as a nominal defendant and to assert derivative claims on its behalf. (NYSCEF 101, FAC at

---

no. 003].) It is clear from plaintiffs' brief that plaintiffs seek to reargue this court's decision on motion sequence number 001.

[3] Kaplan is allegedly the majority owner of CSG RE III. (NYSCEF 13, Complaint ¶ 9.)

[4] Kaplan is allegedly the majority owner of CSG RE. (NYSCEF 13, Complaint ¶ 6.) The court rejected plaintiffs' theory that CSG RE is an alter-ego of defendants Corporate Solutions Group I, LLC and Corporate Solutions Group, LLC (together, CSG). (*See* NYSCEF 87, Decision and Order at 5-8 [mot. seq. nos. 001, 003] [NYSCEF pagination].)

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**                    **Page 2 of 28**
**Motion No.  005**

3-4[5].)  Plaintiffs allege that CSG Partners was formed in 2017 to receive fees from 1042 transactions originated by O'Brien and that O'Brien is a 50% member of CSG Partners. (*Id.* ¶¶ 9, 68-70, 90, 92.)  The remaining 50% membership interest is allegedly owned by CSG EO Real Estate Holdings, LLC (CSG Holdings), which plaintiffs seek to add as a defendant.  (*Id.* ¶¶ 10, 92.)  Plaintiffs allege that Kaplan is the majority member of CSG Holdings (*id.* ¶ 92) and "either the manager of [CSG Partners] or the manager of [CSG Holdings], which in turn is the manager of [CSG Partners]."  (*Id.* ¶ 156.)  Plaintiffs also seek to add CSG RE, which has been dismissed from this action, as a defendant.

Plaintiffs seek to add (i) a direct (O'Brien and ESOP) and derivative (CGS Partners) claim for breach of fiduciary duty against Kaplan, CSG, and CSG RE (Count I) (*id.* ¶¶ 151-162), (ii) a direct (O'Brien and ESOP) and derivative (CGS Partners) claim for fraudulent conveyance against Kaplan and CSG Holdings (*id.* ¶¶ 178-185) (Count IV), (iii) a claim for declaratory judgment seeking a declaration that O'Brien and ESOP "have an enforceable partnership/joint venture [with Kaplan, CSG, and CSG RE] with respect to the 1042 Transactions O'Brien generated," and are entitled "to receive 50% of the fees the Kaplan Parties collect, as well as 50% of any profits" as well as a declaration that O'Brien "owns 50% of the membership interests in [CSG Partners], and in turn [CSG Partners'] interests in CSG BSH Partners III LLC obtained by a sale of the Properties" (*id.* ¶¶ 204, 208) (Count VI)[6], (iv) a direct claim (O'Brien and ESOP) for an

---

[5] The clean version of the FAC is followed by a red-line version.  (NYSCEF 101, FAC at 36.)

[6] In the complaint, plaintiffs seek a declaration that "they have an enforceable contract with Kaplan, CSG, and CSG RE which entitles them to receive 50% of the gross revenue to be derived from the 1042 Transactions entered into by clients originated by O'Brien and ESOP Shop, as well as to receive 50% of any profits obtained from a sale of the Properties."  (NYSCEF 13, Complaint ¶ 119.)

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**                          **Page 3 of 28**
**Motion No.  005**

accounting against Kaplan, CSG, CSG RE, and CSG Holdings (*id.* ¶¶ 209-213) (Count VII), and (v) and an alternative claim by O'Brien for violation of the Freelance Isn't Free Act (FIFA) (Administrative Code of City of New York § 20-927 *et seq.*) against Kaplan, CSG, and CSG RE (Count VIII).[7]  (*Id.* ¶¶ 214-219.)  Plaintiffs also seek to add allegations to the existing claims for breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing.  (*Id.* ¶¶ 163-177, 186-208.)

"[L]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit … and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court." (*Davis v S. Nassau Communities Hosp.*, 26 NY3d 563, 580 [2015] [internal quotation marks and citations omitted]; *see also* CPLR 3025 [b].) "[L]eave to amend a complaint should be denied if the proposed complaint could not survive a motion to dismiss.  A proposed amended complaint that would be subject to dismissal *as a matter of law* is, by definition, 'palpably insufficient or clearly devoid of merit' and thus should not be permitted under CPLR 3025." (*Olam Corp. v Thayer*, 2021 WL 408232, 2021 NY Misc LEXIS 476, 2021 NY Slip Op 30345[U], *3-4 [Sup Ct, NY County 2021].)  "When the non-moving party opposes amendment on the ground of futility, the moving party should be prepared in its reply brief to defend the proposed pleading as if it were opposing a motion to dismiss." (*Id.* at 4.)

---

[7] The FIFA claim appears to be alleged against Kaplan, CSG, and CSG RE.  (NYSCEF 101, FAC at 31 [h] ["Plaintiffs demand judgment against defendants as follows … on the Eight Cause of Action [under FIFA], finding the Kaplan Parties liable"]; *id.* ¶ 8 [defining Kaplan Parties as Kaplan, CSG, and CSG RE].)

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**                              **Page 4 of 28**
**Motion No.  005**

*Derivative Claims on behalf of CSG Partners*[8]

In the FAC, plaintiffs seek to add derivative claims on behalf of CSG Partners for breach of fiduciary duty and fraudulent conveyance. However, defendants argue that O'Brien was never a member of CSG Partners, and thus, cannot assert derivative claims on its behalf.

"In a derivative action, the plaintiff must be a member or an assignee of a limited liability company interest at the time of bringing the action."[9] (Del Code Ann title 6, § 18-1002.) On this record, it is unclear who are members of CSG Partners. On May 11, 2017, nonparty Alex Meshechok, as an authorized person, filed a Certificate of Formation of CSG RE Partners III-EO, LLC.[10] (NYSCEF 109, COF.) Plaintiffs proffer the Written Consent of CSG RE Partners III-EO, LLC, dated August 11, 2017, signed by Kaplan and O'Brien as members, removing Meshechok as the LLC's manager.

---

[8] Plaintiffs allege that CSG Partners is a Delaware limited liability company. (NYSCEF 101, FAC ¶ 9.) "New York choice-of-law rules provide that substantive issues such as issues of corporate governance, including the threshold demand issue, are governed by the law of the state in which the corporation is chartered." (*Lerner v Prince*, 119 AD3d 122, 128 [1st Dept 2014] [citation omitted].) Under New York's choice-of-law rules, New York law applies to matters of procedure. (*Id.* at 127.) Thus, the court will apply Delaware law to substantive issues involving the derivative claims.

[9] As to plaintiff ESOP Shop, the FAC is devoid of allegations that ESOP Shop was or is a member of CSG Partners. (*See* NYSCEF 101, FAC ¶¶ 9-10 ["O'Brien is a 50% member of (CSG Partners);" "Kaplan owns a majority of the membership interests in (CSG Holdings), which in turn is a 50% member of (CSG Partners)"].) There are also no allegations that ESOP Shop is CSG Partners' assignee. Thus, ESOP Shop cannot bring a derivative suit on CSG Partners' behalf.

[10] By Certificate of Amendment, dated July 6, 2018 filed by Kaplan, CSG RE Partners III-EO, LLC changed its name to CSG EO Real Estate Partners, LLC. (NYSCEF 110, Delaware Certificate of Amendment.)

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No.  005

Page 5 of 28

5 of 28

(NYSCEF 126, Written Consent.)  Plaintiffs' post-argument submissions further support that O'Brien was CSG Partners' member.[11]

Although plaintiffs do not proffer a written operating agreement evidencing O'Brien's membership in CSG Partners,[12] such an agreement may be oral or implied. (*See* Del Code Ann title 6, § 18-101 [9]; *see also Robinson v Darbeau*, 2021 WL 776226, *9, 2021 Del Ch LEXIS 36, *17 [Del Ch Mar. 1, 2021, No. 2019-0853-KSJM] ["Under the LLC Act ... [operating] agreement may be 'written, oral, or implied.'  The options are not mutually exclusive — an agreement may be 'partly written, partly oral and/or partly implied'" (citations omitted)].)

Here, plaintiffs allege that "O'Brien raised the topic of equity ownership of the entities receiving fees from 1042 Transactions in order to make his rights more transparent" and that "Kaplan agreed."  (NYSCEF 101, FAC ¶¶ 66-67.)  Plaintiffs also allege that "[i]n an April 2017 email to Alex Meshechok, O'Brien noted that there will be a 'joint llc' that the clients will pay directly, which will in turn distribute his profit share to O'Brien."  (*Id.* ¶ 68.)  Plaintiffs further allege that Kaplan "requested from O'Brien bank information and personal information necessary to make him personally a member of a

---

[11] Plaintiffs proffer, among other things, (i) an April 15, 2018 email from Kaplan stating "CSG RE Partners III-EO, LLC  [28]% Larry  [18]% Alex  [5]% Alex [50]% Ed" (NYSCEF 231, Apr. 15, 2018 email at 4) and (ii) a July 10, 2018 email from Yosef Feld, Controller at nonparty CSG Partners, LLC to Jose Romeo at Chase stating that "[r]egarding CSG EO Real Estate Partners LLC ... [t]he split is 50% Ed O'Brien and 50% CSG EO Real Estate Holdings, LLC."  (NYSCEF 233, July 10, 2018 email.)  Defendants' explanation as to why this evidence cannot be used to show that O'Brien was CSG Partners' member merely raises an issue of fact.  (NYSCEF 287, Chase aff ¶¶ 16-17.)
[12] Plaintiffs allege that Kaplan sent O'Brien a draft operating agreement for CSG Partners bearing a header "'MC LLP Draft – 6/18/18'" and reflecting that O'Brien and CSG Holdings each had 50% ownership (NYSCEF 101, FAC ¶¶ 90, 92), but there are no allegations that the draft was signed.

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**
**Motion No.  005**

**Page 6 of 28**

6 of 28

CSG entity for the purpose of receiving fees from the 1042 Transactions" and "then formed an entity entitled CSG RE Partners III-EO, LLC, and opened bank accounts for the LLC using in part the information O'Brien provided." (*Id.* ¶¶ 69-70.) These allegations are sufficient to plead that O'Brien and Kaplan had an oral LLC agreement.[13]

While defendants submit a written Operating Agreement of CSG Partners[14] dated July 31, 2018, identifying Kaplan and nonparties George Thacker III and Alex Mumblat as members (NYSCEF 114, July 31, 2018 Operating Agreement), this only raises further issues of fact that cannot be resolved on this motion, especially in light of the Written Consent. Accordingly, on this record, the court cannot determine as a matter of law whether O'Brien is a member of CSG Partners and has standing to assert the derivative clams.

Defendants next argue that the derivative claims are insufficient because plaintiffs allege no direct harm to CSG Partners.

> "Delaware law … provides a framework to determine whether a claim is direct or derivative: '[a] court should look to the nature of the wrong and to whom the relief should go. The stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without

---

[13] LLC agreements are not immune to the statute of frauds. (*See Olson v Halvorsen*, 986 A2d 1150, 1163 [Del 2009] ["the Delaware LLC Act does not explicitly remove LLC agreements from the application of the statute of frauds. Therefore, the statute of frauds applies to LLC agreements"].) Although the court previously analyzed plaintiffs' allegations about the parties' agreement regarding 1042 transactions and concluded that "O'Brien's work [in] soliciting ESOP clients to participate in [1042] transactions falls squarely within negotiating a business opportunity," which is the type of agreement that must be in writing pursuant to GOL § 5-701 (a) (10) (NYSCEF 87, Decision and Order at 9 [mot. seq. nos. 001, 003]), the parties do not address the issue of whether the alleged oral LLC agreement about the same 1042 transaction arrangement between O'Brien and Kaplan must be in writing. Thus, the court will not make any determination as to this issue here.

[14] On October 18, 2019, the entity was renamed Fulton SFS Real Estate Partners, LLC. (NYSCEF 111, Certificate of Amendment.)

**652840/2020  O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**
**Motion No.  005**

**Page 7 of 28**

showing an injury to the corporation.'" (*Yudell v Gilbert*, 99 AD3d 108, 114 [1st Dept 2012], quoting *Tooley v Donaldson, Lufkin, & Jenrette, Inc.*, 845 A2d 1031, 1039 [Del 2004].)

Accordingly, "under *Tooley*, the court should consider: '(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?'" (*Id.*, quoting *Tooley*, 845 A2d at 1033.) The same analysis applies to claims alleged by LLC members (*see Metro Commun. Corp. BVI v Advanced Mobilecomm Tech. Inc.*, 854 A2d 121, 167-68 [Del Ch 2004] [applying *Tooley* standard to claim against LLC]), including claims involving closely-held LLCs. (*See Dietrichson v Knott*, 2017 WL 1400552, *1, 4-5, 2017 Del Ch LEXIS 64, *1, 10-12 [Del Ch, Apr. 19, 2017, No. 11965-VCMR] [applying *Tooley* standard to claim involving two-member LLC].)

1. Fraudulent Conveyance Claim

Plaintiffs allege that Kaplan stripped CSG Partners of its assets, i.e., the 1042 Transaction fees. (*See* NYSCEF 101, FAC ¶ 183.) Under both New York and Delaware law,[15] plaintiff must allege that it is a creditor of the transferor. (*See* former New York Debtor and Creditor Law §§ 273, 276; Del Code Ann title 6 § 1304.) Putting aside the fact that the FAC does not contain any such allegation, the Delaware Supreme Court has held that "[f]raudulent transfer claims are direct, not derivative, because the creditors suffered the harm caused by the fraudulent transfer, and the

---

[15] The FAC does not specify the authority that form basis for the fraudulent conveyance claim. In their reply brief, plaintiffs assert that this claim is brought under former Debtor & Creditor Law §§ 276 and 280. (NYSCEF 136, Reply MOL at 20 [NYSCEF pagination].) However, as this is a derivative claim of a Delaware LLC, Delaware law applies.

652840/2020  O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 8 of 28

remedy benefits the creditors, not the business entity. (*In re Fairpoint Ins. Coverage Appeals*, 311 A3d 760, 768 [Del 2023] [citation omitted].) The Delaware Supreme Court reasoned that state fraudulent conveyance laws are to protect creditors and "enable[] creditors to challenge actions by parent corporations siphoning assets from subsidiaries." (*Id.* [internal quotation marks and citation omitted].) Thus, O'Brien cannot bring a claim for fraudulent conveyance derivatively on behalf of CSG Partners.

### 2. Breach of Fiduciary Duty

Plaintiffs allege that Kaplan diverted CSG Partners' funds to City Line Capital LLC and Fulton Realty and either diverted funds owed to CSG Partners or stripped CSG Partners of its assets. (*See* NYSCEF 101, FAC ¶¶ 109, 113, 129, 150; *id.* ¶¶ 158, 160.)

Under the *Tooley* test, O'Brien states a derivative claim on behalf of CSG Partners as CSG Partners suffered alleged harm when Kaplan allegedly stripped it of its assets and it would be CSG Partner who receive the benefit of any recovery for that harm. Thus, the court turns to whether this proposed amendment is not patently lacking in merit.

"A claim for breach of fiduciary duty requires proof of two elements: (1) that a fiduciary duty existed and (2) that the defendant breached that duty." (*Fannin v UMTH Land Dev., L.P.*, 2020 Del Ch LEXIS 253, *40-41 [Del Ch, July 31, 2020, No. 12541-VCF] [internal quotation marks and citation omitted].) O'Brien sufficiently alleges that Kaplan, as manager of CSG Partners, or manager of CSG Holdings, as manager of CSG Partners, and CSG Holdings[16] owe a duty to the LLC and breached that duty.

---

[16] Although O'Brien alleges CSG Holdings engaged in breaches, he does not assert this claim against CSG Holdings, only the "Kaplan Parties." Further, plaintiffs allege that CSG Partners was damaged only by "Kaplan's breaches." (NYSCEF 101, FAC ¶ 162.)

652840/2020 O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 9 of 28

9 of 28

(NYSCEF 101, FAC ¶ 161; *Klein v Wasserman*, 2019 Del Ch LEXIS 191, *11 [Del Ch, May 29, 2019, No. 2017-0643-KSJM] [holding "limited liability company managers owe fiduciary duties akin to those owed by directors of a corporation" (citation omitted)].) O'Brien also alleges Kaplan breached his duty to CSG Partners by stripping it of its assets for Kaplan's benefit.  (NYSCEF 101, FAC ¶ 158.)

Defendants raise the argument that this claim may be time barred by the Statute of Limitations.  It appears the six-year statute of limitations would apply here.[17] (*Kaufman v Cohen*, 307 AD2d 113, 119 [1st Dept 2003] ["case law in New York clearly holds that a cause of action for breach of fiduciary duty based on allegations of actual fraud is subject to a six-year limitations period"] (citations omitted)].)  Nevertheless, the timeline of the alleged breaches is not clear to the court, and thus, it cannot make any determination whether this claim is, in fact, time barred.  Thus, this issue may be raised at the summary judgment stage if discovery reveals facts that are currently unclear to the court.

3. Demand

Defendants argue that the derivative claims fail because there are no allegations of a pre-suit demand or demand futility.  Under Delaware law, LLC members can pursue a derivative claim "if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed."  (Del Code Ann title 6, § 18-1001.)  "[T]he complaint shall set forth with particularity the effort, if any, of the plaintiff to secure initiation of the action by a

---

[17] The parties have not fully briefed this issue, and thus, the court is not making a determination which time limit applies – three or six years.

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**                    **Page 10 of 28**
**Motion No.  005**

manager or member or the reasons for not making the effort." (Del Code Ann title 6, § 18-1003.)

> "[C]ourts should ask the following three questions on a director-by-director basis when evaluating allegations of demand futility:
> (i) whether the director received a material personal benefit from the alleged misconduct that is the subject of the litigation demand;
> (ii) whether the director faces a substantial likelihood of liability on any of the claims that would be the subject of the litigation demand; and
> (iii) whether the director lacks independence from someone who received a material personal benefit from the alleged misconduct that would be the subject of the litigation demand or who would face a substantial likelihood of liability on any of the claims that are the subject of the litigation demand. If the answer to any of the questions is 'yes' for at least half of the members of the demand board, then demand is excused as futile."
> (*United Food & Commer. Workers Union v Zuckerberg*, 262 A3d 1034, 1059 [Del 2021].)

Here, O'Brien does not allege making a pre-suit demand. However, he does allege demand futility, in that he alleges with particularity how Kaplan diverted CSG Partners' funds into other Kaplan owned/controlled entities (NYSCEF 101, FAC ¶¶ 110-131, 150) to personally benefit from the diverted funds. Given the allegations that the other member of CSG Partners is CSG Holdings, and that Kaplan is the majority owner of CSG Holdings (*id*. ¶ 10), demand futility is sufficiently pleaded.

The court again acknowledges the July 31, 2018 Operating Agreement identifying Kaplan, Mumblat and Thacker as the members of CSG Partners, and Kaplan and Thacker as managers (NYSCEF 114, Operating Agreement at 1; *id*. ¶ 6.1 [designating Kaplan and Thacker as managers]); however, given the conflicting evidence as to the membership of CSG Partners, a failure to plead demand futility as to Thacker and/or Mumblat is not fatal.

*Direct Claims*

1. Breach of Fiduciary Duty

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**
**Motion No. 005**

**Page 11 of 28**

11 of 28

Plaintiffs seek to add a direct claim for breach of fiduciary duty against the "Kaplan Parties."[18] Plaintiffs appear to allege two separate fiduciary duties and breaches. First, plaintiffs allege that Kaplan, CSG, and CSG RE owed fiduciary duties to plaintiffs as parties in a joint venture or partnership and that they breached their duties by misrepresenting critical facts to O'Brien such as Kaplan's interest in City Line Capital LLC and the administrative costs of the entities that received proceeds from the 1042 Transactions. (NYSCEF 101, FAC ¶¶ 152-155.)

"Under New York law, partners owe each other a fiduciary duty." (*Le Bel v Donovan*, 96 AD3d 415, 417 [1st Dept 2012] [citation omitted].) "An oral agreement to form a partnership for an indefinite period creates a partnership at will and is not barred by the Statute of Frauds." (*Prince v O'Brien*, 234 AD2d 12, 12 [1st Dept 1996] [citation omitted].)

> "A partnership is an association of two or more persons to carry on as co-owners a business for profit. When there is no written partnership agreement between the parties, the court must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties. Factors to be considered in determining the existence of a partnership include (1) sharing of profits, (2) sharing of losses, (3) ownership of partnership assets, (4) joint management and control, (5) joint liability to creditors, (6) intention of the parties, (7) compensation, (8) contribution of capital, and (9) loans to the organization." (*Czernicki v Lawniczak*, 74 AD3d 1121, 1124 [2d Dept 2010] [internal quotation marks and citations omitted].)

"[I]t is not enough that two parties have agreed together to act in concert to achieve some stated economic objective. Such agreement, by itself, creates no more than a

---

[18] In the FAC and the complaint, plaintiffs define the Kaplan Parties as Kaplan, Corporate Solutions Group I, LLC, Corporate Solutions Group, LLC and CSG RE. (NYSCEF 101, FAC ¶ 8.)

652840/2020  O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 12 of 28

contractual obligation... ." (*Steinbeck v Gerosa*, 4 NY2d 302, 317 [1958] [internal quotation marks and citation omitted].)

Plaintiffs allege O'Brien and Kaplan first formed a partnership to effect ESOP transactions. (NYSCEF 101, FAC ¶ 13.) "As part of the partnership, O'Brien agreed that, in his independent capacity, he would recruit potential clients, who were interested in engaging in the ESOP transactions, and bring them to an entity controlled by Kaplan who would then effectuate and service the ESOP transactions." (*Id.* ¶ 16.) Kaplan, through CSG, agreed to provide "administrative support, analysis, and institutional knowledge." (*Id.* ¶ 18.) The ESOP clients would pay a fee directly to CSG and plaintiff ESOP Shop invoiced CSG for half of the fee received. (*Id.* ¶¶ 19, 21.) CSG did not deduct any expenses incurred from plaintiffs' portion of the fees. (*Id.* ¶ 23.) Some transactions were never consummated, so in those circumstances, each side equally bore the losses of labor and expenses in attempting to 'close' the transaction." (*Id.* ¶¶ 24-25.)

The parties then agreed to expand their business to include the 1042 Transactions; O'Brien's ESOP clients would "invest the proceeds from the ESOP transactions into tax-advantaged real estate investments (the '1042 Transactions')." (*Id.* ¶¶ 26-27.) The 1042 Transactions are the subject of this portion of the breach of fiduciary duty claim. (*See id.* ¶159 ["those misrepresentations and breaches caused O'Brien damages by reducing O'Brien share of the proceeds of the 1042 Transactions..."].) "Kaplan advised O'Brien that, as with their prior business relationship, if O'Brien agreed to work with Kaplan and CSG on the 1042 Transactions, their prior arrangement would continue and that O'Brien, Kaplan, and Kaplan's entities

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**
**Motion No. 005**

**Page 13 of 28**

13 of 28

would evenly split all gross or 'top line' revenue generated from those transactions." (*Id.* ¶ 30.) Kaplan formed CSG RE as a vehicle to effectuate the 1042 Transactions; again, it is alleged that Kaplan owns CSG RE and controls it. (*Id.* ¶ 32.) Plaintiffs allege that, if a CSG partner is working on a 1042 Transaction, it is a CSG RE transaction, whereas if one is working on an ESOP transaction, it is "on behalf of [CSG Partners]." (*Id.* ¶ 33.) O'Brien agreed to work on the 1042 Transactions and sent invoices to CSG RE for his 50% share of the 1042 Transaction fees. (*Id.* ¶¶ 34, 37.) Plaintiffs allege that the 1042 Transactions were completely dependent on the ESOP Transactions, meaning absent an ESOP transaction closing, there could be no 1042 Transaction. (*Id.* ¶ 40.)

These allegations are insufficient to plead the existence of a partnership. "An indispensable [element] of a contract of partnership or joint venture, both under common law and statutory law, is a mutual promise or undertaking of the parties to share in the profits of the business and submit to the burden of making good the losses." (*Slabakis v Schik*, 164 AD3d 454, 455 [1st Dept 2018] [internal quotation marks and citations omitted].)

Here, plaintiffs allege that when transactions did not consummate, both sides "bore the losses of labor and expenses in attempting to 'close' the transaction" equally. (NYSCEF 101, FAC ¶¶ 24-25). Plaintiffs' allegation of "shared loss" is really a loss of value of plaintiffs' services and not an agreement to share the losses of the partnership itself. (*Id.* ¶¶ 16, 18 [O'Brien would recruit the clients and then send them to a Kaplan controlled entity which "would then effectuate and service the ESOP transactions" and that it was Kaplan, through CSG, who provided "administrative support, analysis, and institutional knowledge"].) "Courts ... have generally held that the risk of losing the

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**
**Motion No.  005**

**Page 14 of 28**

14 of 28

value of one's services is not sufficient to constitute sharing in the losses of a joint venture." (*Mawere v Landau*, 39 Misc 3d 1229[A], 1229A, 2013 NY Slip Op 50804[U], *8 [Sup Ct, Kings County 2013] [citations omitted] [finding that "the only real risk that plaintiff has alleged he would lose here is the loss of the value of his services in negotiating or arranging the deal" which is insufficient], *affd as mod* 130 AD3d 986 [2d Dept 2015].)

The FAC is devoid of any allegations that the parties agreed to share in the partnership's losses in general. A plaintiff must "allege a mutual promise or undertaking to share the burden of the losses of the alleged enterprise." (*Id.* at *7 [internal quotation marks and citations omitted].) Additionally, there is no allegation that the parties had no reasonable expectation of any losses by the alleged partnership. (*See Cobblah v Katende*, 275 AD2d 637 [1st Dept 2000].)

Additionally, there are no allegations that plaintiffs shared control over the purported partnership. (*Magnum Real Estate Servs., Inc. v 133-134-135 Assoc., LLC*, 59 AD3d 362, 363 [1st Dept 2009] [citation omitted].) There are no allegations that O'Brien made management decisions or had control over the "partnership." Rather, plaintiffs' allegations evidence a lack of mutual control over the partnerships' management and operations. O'Brien recruited clients and then sent invoices for his fees to Kaplan entities. (NYSCEF 101, FAC ¶¶ 16, 21, 37 [O'Brien in "his independent capacity ... would recruit potential clients, ... and bring them to an entity controlled by Kaplan who would then effectuate and service the ESOP transactions" and ESOP Shop sent invoices to CSG (ESOP transactions) or O'Brien sent invoices to CSE RE (1042

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE                    Page 15 of 28
Motion No.  005

15 of 28

Transactions)].) "[C]alling an organization a partnership does not make it one." (*Brodsky v Stadlen*, 138 AD2d 662, 663 [2d Dept 1988].)

Thus, plaintiffs' motion to amend the complaint to add a claim for breach of fiduciary duty against Kaplan, CSG, and CSG RE arising out of a purported partnership is denied.

Second, plaintiffs allege that Kaplan and CSG Holdings[19] owed O'Brien a fiduciary duty based on their role as manager of CSG Partners and violated that duty by unilaterally stripping O'Brien of his rights in CSG Partners. (NYSCEF 101, FAC ¶¶ 156-158.)

As stated above, on this record, the court cannot determine as a matter of law whether O'Brien is a member of CSG Partners. At this stage, however, O'Brien sufficiently alleges an oral LLC agreement regarding CSG Partners. Thus, for the purposes of this motion to amend, the standard of which is akin to that of a motion to dismiss (*Olam Corp.*, 2021 NY Slip Op 30345[U], *3-4), O'Brien sufficiently pleads that he is a member of CSG Partners.[20]

Again, "[a] claim for breach of fiduciary duty requires proof of two elements: (1) that a fiduciary duty existed and (2) that the defendant breached that duty." (*Fannin*, 2020 Del Ch LEXIS 253, *40-41 [internal quotation marks and citation omitted].)

---

[19] As previously stated, although plaintiffs allege CSG Holdings engaged in breaches, they do not assert this claim against CSG Holdings only the "Kaplan Parties." Further, plaintiffs alleges that O'Brien was damaged only by "Kaplan's breaches." (NYSCEF 101, FAC ¶ 162.)

[20] Also as previously stated, as to plaintiff ESOP Shop, the FAC is devoid of allegations that it was or is a member of CSG Partners. (*See* NYSCEF 101, FAC ¶ 9-10 ["O'Brien is a 50% member of (CSG Partners)"; "Kaplan owns a majority of the membership interests in (CSG Holdings), which in turn is a 50% member of (CSG Partners)"].) Thus, this is O'Brien's claim alone.

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**                          **Page 16 of 28**
**Motion No.  005**

16 of 28

O'Brien sufficiently pleads that Kaplan is the manager of CSG Partners (NYSCEF 101, FAC ¶ 156) and, as manager, Kaplan owed a fiduciary duty to O'Brien. (*Id.* ¶ 157; *Deane v Maginn,* 2022 Del Ch LEXIS 315, *27 [Del Ch, Nov. 1, 2022, No. 2017-0346-LWW]) [managing member of LLC owes a fiduciary duty to LLC members].) Further, O'Brien sufficiently alleges that Kaplan breached his duty to O'Brien by unilaterally stripping him of his rights in CSG Partners.

This claim is also sufficiently pleaded as a direct claim as the alleged injury, stripping O'Brien of his membership rights, is independent of any alleged injury to CSG Partners. (*Tooley*, 845 A2d at 1039.) It is O'Brien who is entitled to recovery for such wrong. (*Id.*)

As with the derivative claim, defendants raise the argument that this direct claim may be time barred. As the timeline is not clear as to when O'Brien was allegedly stripped of his membership rights, the court cannot, at this time, determine whether this portion of the claim is time barred. Thus, this issue may be raised at the summary judgment stage if discovery reveals facts that are currently unclear to the court.

Further, this portion of the breach of fiduciary claim is not duplicative of plaintiffs' breach of contract claim as this claim seeks damages for stripping O'Brien of his membership rights in an LLC whereas the breach of contract claim seeks to recovery plaintiffs' portion of fees that were allegedly diverted from CSG Partners to Kaplan controlled entities.

Accordingly, the motion to amend to add a claim by O'Brien against Kaplan for breach of his fiduciary duty by stripping O'Brien of his membership rights in CSG Partners is granted.

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 17 of 28

17 of 28

[* 17]

*Breach of Contract*

Plaintiffs seek to add allegations to the existing claim for breach of contract. In the FAC, plaintiffs allege this claim against CSG RE, among others, despite the fact that that this claim was dismissed against CSG RE. (*See* NYSCEF 87, Decision and Order at 8-13 [mot. seq. nos. 001, 003].) Plaintiffs' new allegations are that they are entitled to receive 50% of the gross revenue diverted from CSG Partners or "fraudulently stripped of its assets," plaintiffs made demand on Kaplan, CSG, and CSG RE for payment of these sums, and plaintiffs have been damages by defendants' failure to pay. (NYSCEF 101, FAC ¶¶ 170-172.)

"Leave to amend pleadings should be freely granted in the absence of prejudice or surprise so long as the proposed amendment is not palpably insufficient as a matter of law." (*Mashinsky v Drescher*, 188 AD3d 465, 466 [1st Dept 2020] [citation omitted].) These allegations do not prejudice defendants and they are not palpably insufficient with the exception of the allegation that CSG Partners was "fraudulent stripped of its assets" as this claim is not brought derivatively on behalf of CSG Partners and plaintiffs cannot have a direct claim against defendants for stripping an LLC of its assets; that is an alleged harm to the company and the recovery is the company's. (*Tooley*, 845 A2d at 1039.)

Plaintiffs also fail to explain how the newly added allegations revive this claim against CSG RE in the context of the motion to amend. This will be discussed later when the court addresses plaintiffs'' request to renew and reargue the court's decision on CSG RE's motion to dismiss.

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 18 of 28

Therefore, the motion to amend the breach of contract claim is denied in so far as plaintiffs seek to add the allegation that CSG Partners was "fraudulent stripped of its assets" and add CSG RE as a defendant. (*Mashinsky*, 188 AD3d at 466.)

*Unjust Enrichment*

Plaintiffs seek to add allegations to the existing unjust enrichment claim and add CSG Holdings as a defendant. The allegations that plaintiffs seek to add – defendants employed numerous wrongful means and it is against equity and good conscience to permit defendants to retain plaintiffs' benefits - do not prejudice defendants and they are not palpably insufficient. (*Mashinsky*, 188 AD3d at 466.) Defendants do not oppose the new allegations.

As to CSG Holdings, defendants do not oppose adding them as a defendant. As to CSG RE, plaintiffs fail to explain how the newly added allegations revive this claim as against CSG RE. Thus, the motion to amend the unjust enrichment claim is granted in so far as plaintiffs seek to add new allegations and CSG Holdings as a defendant. It is denied in so far as plaintiffs seek to add CSG RE.

*Fraudulent Conveyance*

For the same reason the derivative fraudulent conveyance claim fails – plaintiffs fail to plead they are creditors – this direct claim by O'Brien fails. The motion to amend to add this claim is denied.

*Breach of the Covenant of Good Faith and Fair Dealing*

Plaintiffs seek to add allegations to the existing breach of the covenant of good faith and fair dealing claim and add CSG Holdings as a defendant. The allegations that plaintiffs seek to add do not prejudice defendants and they are not palpably insufficient.

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 19 of 28

19 of 28

(*Mashinsky*, 188 AD3d at 466.) Defendants do not oppose the new allegations.

As to CSG Holdings, defendants do not oppose to add them as a defendant. As to CSG RE, plaintiffs fail to explain how the newly added allegations revive this claim as against CSG RE. Thus, the motion to amend the breach of the covenant of good faith and fair dealing claim is granted in so far as plaintiffs seek to add new allegations and CSG Holdings as a defendant. It is denied in so far as plaintiffs seek to add CSG RE.

*Declaratory Relief*

Plaintiffs seek to amend their claim for declaratory relief, in that now they seek a declaration that O'Brien and ESOP "have an enforceable partnership/joint venture [with Kaplan, CSG, and CSG RE] with respect to the 1042 Transactions O'Brien generated," and are entitled "to receive 50% of the fees the Kaplan Parties collect, as well as 50% of any profits" as well as a declaration that O'Brien "owns 50% of the membership interests in [CSG Partners], and in turn [CSG Partners'] interests in CSG BSH Partners III LLC obtained by a sale of the Properties." (NYSCEF 101, FAC ¶¶ 204, 208.) In the complaint, plaintiffs seek a declaration that "they have an enforceable contract with Kaplan, CSG, and CSG RE which entitles them to receive 50% of the gross revenue to be derived from the 1042 Transactions entered into by clients originated by O'Brien and ESOP Shop, as well as to receive 50% of any profits obtained from a sale of the Properties." (NYSCEF 13, Complaint ¶ 119.)

As the court finds that plaintiffs have not sufficiently plead an enforceable partnership/joint venture, earlier, the request to amend this cause of action is denied.

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 20 of 28

[* 20]

*Accounting*

Plaintiffs seek to add an accounting claim against Kaplan, CSG, CSG RE, and CSG Holdings.[21] This proposed claim is based on defendants' alleged fiduciary relationship. (NYSCEF 101, FAC ¶ 210.)

"An accounting is an equitable remedy that consists of the adjustment of accounts between parties and a rendering of judgment for the amount ascertained to be due to either as a result. As such, an accounting is dependent on other substantive claims: it is not a stand-alone cause of action." (*Degroat v Papa (In re Estate of Degroat)*, 2020 Del Ch LEXIS 169, *50 [Del Ch, Apr. 30, 2020, No. 12738-VCZ] [internal quotation marks and citations omitted].) Here, plaintiffs' accounting claim is dependent on their breach of fiduciary claim. (*See Rhodes v Silkroad Equity, LLC*, 2007 Del Ch LEXIS 96, *42 [Del Ch, July 11, 2007, No. 2133-VCN] ["the demand for accounting is inherently dependent on the Court's decision on the fiduciary duty claims"]; *Maka v Musial*, 2024 Del Ch LEXIS 195, *7 [Del Ch, May 23, 2024, No. 2023-0722-SG] [holding that an "[e]quitable accounting is an equitable remedy by which a fiduciary may be caused to account for property subject to trust" (citation omitted)].)

There is no claim for breach of fiduciary duty against CSG, CSG RE, and CSG Holdings. Thus, the motion to amend to add an accounting claim against those entities is denied. As to Kaplan, the breach of fiduciary duty claim is based on the allegation that Kaplan stripped O'Brien of his membership rights in CSG Partners; the motion to amend to add a fiduciary duty claim based on a partnership between Kaplan and

---

[21] Plaintiffs allege that CSG, CSG RE, and CSG Holdings are Delaware LLCs. (NYSCEF 101, FAC ¶¶ 6-7, 10.) Plaintiffs allege Kaplan resides in New York. (*Id.* ¶ 5.)

652840/2020 O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 21 of 28

O'Brien was denied. Since plaintiffs fail to allege a partnership, the motion to amend to add an accounting claim against Kaplan, individually, is denied as well.

*FIFA Claim*

Defendants argue that the FIFA claim, which alleges that O'Brien was not provided with a written contract, fails for several reasons, including that O'Brien has not alleged that he has "requested a written contract before the contract work began." (Administrative Code § 20-933 [a] [5].) Plaintiffs' failure to address defendants' arguments in the reply brief indicates their intention to abandon the FIFA claim. (*See Perez v Folio House, Inc.*, 123 AD3d 519, 520 [1st Dept 2014]; *Cook v North Country Academy Exec. LLC*, 65 Misc 3d 1220[A], 119 NYS3d 391, 2019 NY Slip Op 51768[U], *9 ["By not offering any argument on this issue in its opposition, plaintiffs have abandoned this claim as a basis for liability"].) They provide no opposition to this argument, and thus, the motion to amend to add this claim is denied.

Leave to Renew

Plaintiffs seek to renew CSG RE III and CSG RE's motion to dismiss insofar as the court dismissed plaintiffs' breach of contract claim as against CSG RE on the grounds that this claim is barred by the statute of frauds, GOL § 5-701 (a) (10).[22] (*See* NYSCEF 87, Decision and Order at 8-9 [mot. seq. nos. 001, 003].)

In the breach of contract claim, plaintiffs alleged that "Kaplan sought O'Brien's agreement to work with Kaplan and CSG to solicit the ESOP clients introduced by O'Brien to participate in the proposed 1042 Transactions" and O'Brien "agreed to work

---

[22] Plaintiffs do not seek to renew or reargue the decision on CSG RE III and CSG RE's motion insofar as CSG RE III was dismissed.

652840/2020  O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 22 of 28

with Kaplan on the 1042 Transactions and to solicit clients to participate in the 1042 Transactions based on the agreement by Kaplan, and the Kaplan controlled entities, CSG and CSG RE, to evenly split all gross or 'top line' revenue generated from the 1042 Transactions." (NYSCEF 13, Complaint ¶¶ 25, 27.) The court held that "O'Brien's work soliciting ESOP clients to participate in [1042] transactions falls squarely within negotiating a business opportunity" which is the type of an agreement that has to be in writing pursuant to GOL § 5-701 (a) (10). (NYSCEF 87, Decision and Order at 9 [mot. seq. nos. 001, 003] [citation omitted].) The court consequently dismissed the unjust enrichment claim as duplicative of the breach of contract claim and also barred by GOL § 5-701 (a) (10). (*Id.* at 13.) As the oral agreement was barred, the court dismissed the claim for breach of the covenant of good faith and fair dealing, as well as the claim seeking a certain declaration regarding the agreement. (*Id.*)

Plaintiffs move to renew on the grounds that defendants made in-court admissions that the alleged oral agreement regarding the 1042 Transactions existed. A motion for leave to renew a prior motion "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination." (CPLR 2221 [e] [2]). "There is sufficient evidence that a contract has been made if … (c) The party against whom enforcement is sought admits in its pleading, testimony or otherwise in court that a contract was made." (GOL § 5-701 [3] [c].)

First, plaintiffs proffer an interrogatory response submitted by "Corporate Solutions Group I, LLC, a/k/a Corporate Solutions Group, LLC, a/k/a CSG Partners, LLC [], CSG RE Partners, LLC [], CSG RE II Partners, LLC [] and CSG RE III

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No.  005

Page 23 of 28

Consulting Partners, LLC s/h/a CSG RE III Partners, LLC" as defendants in *Meshechok v Kaplan*, Index No. 656337/2018 (Sup Ct, NY County). (NYSCEF 103, Interrogatory Responses.) The interrogatory response lists "The ESOP Shop, LLC/Ed O'Brien" among the persons who "have shared in ... profits" of "the Defendants and the Licensee Entities." (*Id.* at 5-7 [response to interrogatory no. 2].) Licensee Entities are defined as "any entities which entered into licensing agreements with any of the Defendants pertaining to the 'Trade Secret' identified in Plaintiff's amended complaint." (*Id.* at 3.) On its face, this interrogatory response is insufficient evidence of the alleged oral agreement with CSG RE about the 1042 Transactions. It does not follow from the interrogatory response that any such agreement existed, and thus, the response is insufficient to serve as an admission of the oral agreement.

Second, plaintiffs proffer a complaint filed by investors in another action, *Behar v CSG BSH Partners III, LLC*, Index No. 21-cv-5716 (SD NY). (NYSCEF 104, *Behar* Complaint.) CSG RE is not a plaintiff in the *Behar* action, and thus, the complaint's allegations cannot be considered as CSG RE's in-court admissions.

Finally, plaintiffs proffer Kaplan's deposition testimony to the effect that (i) CSG RE paid ESOP Shop 40% of fees received from the Roland Veti 1042 deal (NYSCEF 229, tr at 253-54 (Kaplan Depo Vol. 1)[23]], (ii) "Ed was entitled to commissions from: CSG RE, CSG Trapani, which was fully paid, and Fulton SFS" (*id.* at 280:15-17 [Vol. 2]), (iii) "the only obligations that Mr. O'Brien had to keep to continue to receive his commissions from the real estate operating entities, was to not compete with either A,

---

[23] Parties are reminded that "[a]ll deposition transcripts shall be submitted in their entirety, highlighting the relevant cited sections, and in mini-script format." (Part 48 Procedure 5 [D].) Here, parties only submitted excerpts.

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 24 of 28

24 of 28

the investment banking operations of CSG Partners, or B, the 1042 operations of the real estate licensing entities." (*Id.* at 256:7-14 [Vol. 1].)

This testimony is not an admission of the oral agreement in question wherein "Kaplan sought O'Brien's agreement to work with Kaplan and CSG to solicit the ESOP clients introduced by O'Brien to participate in the proposed 1042 Transactions" and O'Brien "agreed to work with Kaplan on the 1042 Transactions and to solicit clients to participate in the 1042 Transactions based on the agreement by Kaplan, and the Kaplan controlled entities, CSG and CSG RE, to evenly split all gross or 'top line' revenue generated from the 1042 Transactions." (NYSCEF 13, Complaint ¶¶ 25, 27.)

To the contrary, Kaplan denied that there was an agreement with O'Brien to evenly split the fees received. (NYSCEF 229, tr at 253:4-14 (Kaplan Depo Vol. 1) [Question: "Do you know whether anyone ever responded to Mr. O'Brien saying, 'You don't have a 50 percent share of the fees and revenue'?" Answer: "I think we made it clear that the policy of the firm, and on every transaction we would tell Ed and Ed would still come back with these e-mails on the 50 percent. So it was our view, always clear to him, no need to respond. It was just someone saying this stuff."]; *id.* at 254:15-23 [Question: "But my question is, when you were receiving these e-mails of 50 percent of revenue, 50/50 partner, et cetera, did you have a belief as to what his goal was there?" Answer: "I think Ed wanted to be a 50 percent member in an LLC. That's what Ed's goal was. That's not what we were willing to, it's not what we offered him."].)

Accordingly, the motion for leave to renew is denied.

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**
**Motion No.  005**

**Page 25 of 28**

Leave to Reargue

A motion for leave to reargue pursuant to CPLR 2221 (d) "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the Court in determining the prior motion." (CPLR 2221 [d] [2].)  "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided ... or to present arguments different from those originally asserted." (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [citations omitted].)  The movant bears the burden of demonstrating that reargument is warranted.  (*See id.*)

First, plaintiffs argue that the court misapprehended the nature of the 1042 Transactions.  Plaintiffs assert that O'Brien and defendants were not finder and principal, but rather, fellow finders, putting their relationship within the ambit of *Dura v Walker, Hart & Co.*, 27 NY2d 346 (1971).  The court considered the allegations describing the parties' relationship, as well as *Dura*, and found that this case was distinguishable.  (*See* NYSCEF 87, Decision and Order at 9-11 [mot. seq. nos. 001, 003]; *see also* NYSCEF 75, tr at 24:10-25:5 [oral argument on mot. seq. nos. 001, 003] [discussing allegations that parties held themselves out as partners].)  The factual allegations that plaintiffs assert were not overlooked or misapprehended.

Further, the court did not overlook the allegations of a partnership.  Nevertheless, even if it did, even with the newly proposed allegations, plaintiffs fail to allege a partnership.

Finally, plaintiffs fail to demonstrate that this court has misapprehended the nature of the allegations regarding their alter ego theory.  Plaintiffs' argument that CSG

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 26 of 28

26 of 28

RE was actually acting on its own behalf through its agents who were also CSG's agents has no bearing on the court's determination regarding alter ego liability.

Plaintiffs' new argument about the requirement that O'Brien as an independent contractor be provided with a written contract pursuant to FIFA was not raised at the motion to dismiss stage, and thus, will not be considered on this reargument motion. The motion to reargue is denied.

The court has considered the balance of the parties' arguments and finds that they do not affect the outcome.

Accordingly, it is

ORDERED that the motion to amend is granted, in part, to the extent that complaint is amended to add (1) CSG EO Real Estate Partners LLC as nominal defendant and the derivative cause of action for breach of fiduciary duty by CSG EO Real Estate Partners LLC against Kaplan; (2) the direct cause of action for breach of fiduciary duty by O'Brien against Kaplan on the ground Kaplan stripped O'Brien of his membership rights in CSG Partners; (3) new allegations to plaintiffs' breach of contract claim against Kaplan, Corporate Solutions Group I, LLC, and Corporate Solutions Group, LLC; (4) CSG EO Real Estate Holdings, LLC as a defendant and the new allegations to plaintiffs' unjust enrichment against Kaplan, Corporate Solutions Group I, LLC, Corporate Solutions Group, LLC, and CSG EO Real Estate Holdings, LLC; and (5) new allegations to plaintiffs' breach of the covenant of good faith and fair dealing against Kaplan, Corporate Solutions Group I, LLC, Corporate Solutions Group, LLC, and newly added defendant CSG Holdings; the motion is otherwise denied and it is further

**652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE**
**Motion No.  005**

**Page 27 of 28**

27 of 28

[* 28]

ORDERED that the first amended complaint in the form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof. However, to avoid confusion, plaintiffs are directed to refile the first amended complaint within 10 days of the date of this decision for the limited purposes of complying with this decision since the motion was not granted in its entirety; and it is further

ORDERED that the defendants shall serve an answer to the first amended complaint or otherwise respond thereto within 20 days from the date that plaintiffs refile the first amended complaint; and it is further

ORDERED that that the balance of the motion seeking to renew and reargue is denied; and it is further

ORDERED that the parties provide this court with an updated discovery schedule (via NYSCEF and email) -- as the current Note of Issue date may be impacted by this decision -- within 10 days of defendants' filing their answer to the first amended complaint.

202407111462730AMASLEYF1094140F6884735B4797F39F2CAE8C8

| 7/11/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **ANDREA MASLEY, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

652840/2020   O'BRIEN, EDWARD vs. KAPLAN, LAWRENCE
Motion No. 005

Page 28 of 28

28 of 28